IN THE MATTER OF APPEAL OF NEW YORK STATE
REALTY & TERMINAL CO. FROM THE OMITTED
ADDED ASSESSMENT OF PROPERTY IN TOWNSHIP
OF WEEHAWKEN, COUNTY OF HUDSON, FOR THE
YEAR 1952.

Argued February 6, 1956—Decided February 27, 1956.

*Mr. Joseph A. Davis* argued the cause for the appellants (*Messrs. O'Mara, Schumann, Davis & Lynch,* attorneys for the appellant New York State Realty & Terminal Co.; *Mr. John J. Meehan,* attorney for United Fruit Company, on the brief).

*Mr. James Rosen* argued the cause for the respondent (*Messrs. Milmed & Rosen,* attorneys for the Township of Weehawken).

*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney for the respondent Division of Tax Appeals.

The opinion of the court was delivered by

VANDERBILT, C. J. This appeal brings to us for determination the question as to whether the procedure provided for in the Omitted Assessments Law, *N. J. S. A.* 54:4–63.12 *et seq.,* may be used to levy an assessment on an improvement to real estate that was completed after the assessment date and

during the tax year but omitted from the assessment for that year or whether the failure to use the procedure provided for in the Added Assessments Law, *N. J. S. A.* 54:4–63.1 *et seq.* during the time prescribed therein precludes the inclusion of such assessment under the Omitted Assessments Law, *supra.* The Division of Tax Appeals affirmed the action of the Hudson County Board of Taxation, taken at the instance of the Township of Weehawken, in levying an added assessment of $1,534,000 for the year 1952 (prorated for a period of six months for a net total added assessment of $767,000) on improvements in Block 45 in the taxing district of Weehawken which had been omitted from the assessment rolls for that year. The New York State Realty & Terminal Co. and the United Fruit Company appealed to the Appellate Division of the Superior Court from the Division's determination and we certified the matter on our own motion while pending there..

The New York State Realty & Terminal Co. is the owner of the real estate designated as Block 45. In the year 1950 it leased the land to United Fruit Company. Under this lease the premises were to be improved by the erection of certain structures. Construction was thereafter commenced and as of October 1, 1951, the assessing date for the year 1952, *N. J. S. A.* 54:4–1, the work on a large building had only been partially completed. The municipal assessors levied an assessment of $166,000, that being, according to their standards, the construction value of the structures that then existed in the incomplete state (see *Opinion of the Attorney General, No. 7,* 1951). The building was completed on or about June 30, 1952, but notwithstanding, no added assessment was made by the municipal assessors as of October 1, 1952, and no steps were taken pursuant to the Added Assessments Law, *supra,* to add any assessment at any time during the calendar year 1952.

Neither the completed structures nor the land was locally assessed for the year 1953, but both were assessed by the State as Class II railroad property for the 1953 tax year, at the instance of the Township of Weehawken.

On November 5, 1953, the Township Committee of the Township of Weehawken adopted a resolution authorizing the municipality to take action before the Hudson County Board of Taxation, pursuant to the Omitted Assessments Law, *supra* (*L*. 1947, *c*. 413), to obtain the inclusion of the added assessment for the building completed in June 1952, but omitted from the tax rolls.

On December 15, 1953 the taxpayers were served with a notice and complaint, pursuant to the provisions of the statute, returnable before the Hudson County Board of Taxation on December 22, 1953. After hearing and arguments on that day the county board entered a judgment wherein it was:

"ORDERED that an omitted added assessment be made against the improvements of the United Fruit Co. or New York State Realty & Terminal Co. or New York Central Railroad Co., situated in Block 45, in the taxing district of Weehawken, for the year 1952, as follows: Buildings $1,534,000, Total $1,534,000; prorated for a period of six months for a net total added assessment of Buildings $767,000, total $767,000."

The taxpayers appealed to the Division of Tax Appeals on the ground that such judgment was contrary to the provisions of the statutes and praying that the "omitted-added assessments" be cancelled.

These salient facts appeared to be undisputed in the hearing before the Division: (1) the value placed on the structures as of the assessing date October 1, 1951 for the tax year 1952 was $166,000 and that the 1952 tax duplicate showed the levy as "$166,000 c. v." (the latter two initials evidently relating to "construction value"); (2) the buildings involved in these proceedings were completed on or about June 30, 1952 and that the taxpayers had not paid any taxes on the completed buildings or improvements for the period commencing July 1, 1952 to December 31, 1952; (3) the *quantum* of the assessment is not in dispute.

Generally it is provided by the Added Assessments Law, *N. J. S. A.* 54:4–63.1 to 63.11 inclusive, *supra*, that new construction, if completed between October 1 and the first

day of January following, shall be taxed as of the following January 1st for the whole of the ensuing taxable year, *N. J. S. A.* 54:4–63.2; but that new construction completed between January 1 and October 1 of the year following the assessment date shall be taxed *pro rata* for the balance of the taxable year; *N. J. S. A.* 54:4–63.3. These added tax assessments are required to be completed at least one week before November 1 and taxes so assessed are payable November 1st of the year of levy; *N. J. S. A.* 54:4–63.5 to 63.7. Appeals are required to be taken before December 1 of the year of levy; *N. J. S. A.* 54:4–63.11.

It is also provided by the Omitted Assessments Law, *N. J. S. A.* 54:4–63.12 *et seq., supra,* that:

"In any year or in the next succeeding year, the county board of taxation may, in accordance with the provisions of this act, assess any taxable property omitted from the assessment for the particular year." (*N. J. S. A.* 54:4–63.12)

The proceeding may be instituted before the county board of taxation on written complaint of the collector of taxes, a taxpayer or the governing body of the taxing district or it may be initiated on the motion of the county board itself. After notice to the taxpayer to be affected, a summary hearing is held before the county board, *N. J. S. A.* 54:4–63.13, and if the board determines that the property specified was omitted from the assessment for the particular year, the amount of the assessment is fixed by its judgment and the omitted property assessed in the amount determined; *N. J. S. A.* 54:4–63.14, 15. "On October first in any year wherein prior thereto the county board of taxation shall have rendered a judgment assessing omitted property for that year or the preceding year," the omitted property assessment list must be filed with the county board by the assessor. The county board then examines and revises it and returns it to the collector by October 10th; *N. J. S. A.* 54:4–63.17. When the judgment of the county board in the omitted assessment proceeding is rendered prior to October 1 the tax due on the omitted assessment is payable on November 1; if judg-

ment is rendered subsequent to October 1 and prior to December 31, the taxes assessed on such omitted property are payable on November 1st of the following year; *N. J. S. A.* 54:4–63.20. Appeals from such judgments must be taken by December 1 following the rendition of the judgment of the county board or within three months thereof, whichever is later; *N. J. S. A.* 54:4–63.23.

Counsel for the taxpayers at the hearing before the Division conceded that if no construction value was placed on the partially completed buildings for the year 1952 (as of October 1, 1951), the municipality, by its action before the Hudson County Board, could have taken these proceedings and could have had a judgment entered against the said property as an omitted assessment. But they say it is the fact that the municipality failed to take proceedings to add the increased value resulting from the completion of the building within the time set forth in the statute that prevents it now from relying on the omitted assessment provisions.

In finding that the "omitted-added assessment" was properly levied, the Division held that the intent of the tax law in such a situation as is here presented was to provide for the inclusion of such assessment.

The taxpayers' first contention here is that there is no authority for combining the powers granted by the Added Assessments Law, *N. J. S. A.* 54:4–63.1 to 63.11, inclusive, and the Omitted Assessments Law, *N. J. S. A.* 54:4–63.12 to 63.25, inclusive, so as to accomplish the addition of a new construction assessment that was inadvertently or otherwise omitted in a particular year. The primary basis for this argument against such combination of powers is that in mandatory language the Added Assessments Act provides specifically the procedure for and the time during which the added assessment must be accomplished and any combination would permit violation of such language. But this argument loses its force when we note that mandatory language is characteristic of the whole title and appears not only in these sections of the law but also in the regular assessment and collection of taxes sections, and in those sections dealing with

omitted assessments as well. It therefore cannot be said that the commands of the added assessments sections are to be given any greater significance or force than those of the other sections of the same title merely by reason of mandatory language.

In further support of their contention, the appellants have relied upon the statement attached to the bill which finally became *L.* 1947, *c.* 413 (*N. J. S. A.* 54:4–63.12 *et seq., supra*). On the basis of this statement they would have us hold that there was no intention to combine the two acts so as to permit the addition of new construction to the tax rolls when it is completed, if the assessment was omitted therefrom, inadvertently or otherwise. They say in light of the knowledge the Legislature had, if it "intended that the new 'Omitted Assessments' Act should cover added assessments, it would have either so stated, or it would have repealed all or parts, of the 'Added Assessments' Act." We find no such indication expressed in that statement or even reasonably to be implied therefrom.

The appellants' view so obviously leaves open the possibility of corruption in the assessment and collection of municipal taxes and the temptation to favor new builders as to ascribe no such defect as being within the intent of the Legislature of this State.

Taxes are the life blood of government and no taxpayer should be permitted to escape the payment of his just share of the burden of contributing thereto. *P. J. Ritter Co. v. Mayor of City of Bridgeton*, 135 *N. J. L.* 22 (*Sup. Ct.* 1946), affirmed 137 *N. J. L.* 279 (*E. & A.* 1948); *Ridgewood Elks Holding Corp. v. Village of Ridgewood*, 127 *N. J. L.* 295 (*E. & A.* 1941); *Haddon Hills Apartments North v. Haddon Township*, 31 *N. J. Super.* 124 (*App. Div.* 1954); *cf. R. S.* 54:4–58. Any procedure which would permit avoidance of such taxes when a substantial basis therefor exists is inequitable. The guiding philosophy for the fair and just assessment and collection of taxes is found in these words of our statutes:

"*All property* real and personal within the jurisdiction of this State not expressly exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually under this chapter at its true value, and shall be valued by the assessors of the respective taxing districts. * * * Property omitted from any assessment may be assessed by the county board of taxation within such time and in such manner as shall be provided by law. * * *" *N. J. S. A.* 54:4–1. (Emphasis supplied)

"The county board may adjourn from time to time in the discharge of its duties, and may, after investigation, revise, correct and equalize the assessed value of all property in the respective taxing districts, increase or decrease the assessed value of any property not truly valued, assess property omitted from any assessment, as provided by law, at its true value, and in general do everything necessary for the taxation of all property in the county *equally* and at its true value." *N. J. S. A.* 54:4–47. (Emphasis supplied)

The theory of the Added Assessments Law and the Omitted Assessments Law is to provide means whereby new construction and property omitted from the tax rolls through design or inadvertence can be added and included and taxed from the appropriate date when added to the land or for the appropriate year in which it was omitted from the tax rolls. The effect of these acts is to aid in accomplishing a proper and equitable distribution of the tax burden.

In 1941 the manifestly unfair and disproportionate effect of the lack of any provision for the taxation of new construction completed after the annual assessment date which permitted new improvements to the land to remain free of taxation for periods up to 12 months was cured by the enactment of *L.* 1941, *c.* 397 (*N. J. S. A.* 54:4–63.1 *et seq., supra*).

In contrast to this, however, the inequity of omitted assessments has long been recognized; *L.* 1903, *c.* 208, § 28 (*C. S., p.* 5106, § 28), *R. S.* 54:3–20. More than a century ago in *State v. Collector of Jersey City,* 24 *N. J. L.* 108, 120 (*Sup. Ct.* 1853), it was said:

"It would be a novel and dangerous doctrine to hold, that if the assessors happened to omit some property really taxable, the assessment is thereby necessarily void, so that no taxes can be collected. There is, perhaps, scarcely a district in the state where this does not happen, to a greater or lesser extent, almost every year."

Prior to 1947 under *R. S.* 54:3–20 proceedings to include omitted assessments were limited to "one year from the date when taxes on real property became a lien," but under the new Omitted Assessments Act, *N. J. S. A.* 54:4–63.12 *et seq., supra,* the time for action is extended and it is now provided that:

"In any year or in the next succeeding year, the county board of taxation may, in accordance with the provisions of this act, assess any taxable property omitted from the assessment for the particular year." (*N. J. S. A.* 54:4–63.12)

It is fundamental that statutes cannot be considered in a vacuum. They must be understood in their relation and interaction with other laws which relate to the same subject or thing; they must be construed together with these related sections in order to learn and give effect to the true meaning, intent and purpose of the legislation as a whole; *Asbury Park Press v. City of Asbury Park,* 19 *N. J.* 183, 195 (1955); *Scatuorchio v. Jersey City Incinerator Authority,* 14 *N. J.* 72, 85 (1953); *Hackensack Water Co. v. Ruta,* 3 *N. J.* 139, 147 (1949); *City of Newark v. Rockford Furniture Co.,* 4 *N. J. Super.* 205 (*App. Div.* 1949).

Accordingly, we view the Added Assessments Law, *N. J. S. A.* 54:4–63.1–63.11, *supra,* as permitting additional assessments when additions to or improvements in the land subsequent to the assessment date make such action necessary, and the Omitted Assessments Law, *N. J. S. A.* 54:4–63.12–63.25, *supra,* as permitting assessment of property which may have properly been included in the general assessment but for one reason or another was not included either originally on the general assessment date or subsequently as required by the added assessment statutes. It is not inconsistent with the mandatory language of the Added Assessments Law to hold that the Omitted Assessments Law permits proceedings to include added assessments after the time prescribed for such procedure by the added assessment sections. The simple and obvious fact is that an "added assessment" does not become an "omitted assessment" until after the passage of

that period of time prescribed in the added assessment sections. An added improvement by not being included in the tax assessment rolls pursuant to the procedure and during the time prescribed by the added assessment statutes thus becomes an omitted assessment and is governed by the provisions of these latter sections; and what was not accomplished under one statute is accomplished under the other—the taxation of all property within the jurisdiction of this State annually at its true value.

We do not believe that by placing a construction value on a partially completed structure as of the annual assessment date in any way prevents action being taken or relief being granted under the Added Assessments Law or the Omitted Assessments Law. The assessor has the right and it his duty to assess *all* property as of October 1 in each year; *N. J. S. A.* 54:4–1, *R. S.* 54:4–9, *R. S.* 54:4–23; and in so doing he does not preclude his taxing district from subsequently proceeding by way of the added assessment sections of the law to include assessable improvements to the land thereafter made or from proceeding under the omitted assessment sections to include assessable property which was omitted from the assessment.

In the case before us the facts dictate the result. On the assessment date, October 1, 1951, the only improvement to the land was a partially completed structure upon which a construction value only was placed in accordance with the Opinion of the Attorney General, No. 7, 1951. When the building was completed in June 1952, during the taxable year the town had the right to have such increased value by reason of the completed improvement included in the tax roll. Having failed to do so in accordance with the added assessment procedure, the only reasonable view is that it be permitted to do so under the authority of the Omitted Assessments Law because in fact this additional value is an omitted assessment. The action taken by the township before the end of the year following the assessment year in question being strictly in accordance with the statutes was proper, and the judgment is accordingly affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.