RIMM, J.T.C.
This local property tax matter involves the propriety of an omitted assessment placed on defendant’s assessment rolls for Block 38, Lot 3. For the tax year 1980 the regular assessment was:
Land $ 150,000
Improvements -0-
Total $ 150,000
Thereafter there was an omitted assessment in the amount of $853,300 for the improvements, and a judgment in that amount was entered for the omitted assessment by the Atlantic County Board of Taxation on December 31,1981. The result was a total assessment of $1,003,300 for the tax year 1980.
The taxpayer filed a complaint in this court seeking judgment declaring the omitted assessment null and void because the property was included in the regular assessment list for the tax year 1980 and hence, the taxpayer argues, is not subject to an omitted assessment. In the alternative, the taxpayer seeks a reduction in the assessment based on valuation and discrimination.
The taxpayer has moved for summary judgment striking the omitted assessment. In support of its motion an affidavit was submitted by counsel stating that she verified the assessment records of the city for 1980 and found an original assessment for land only for that tax year in the amount of $150,000. A second affidavit, by the president of the taxpayer corporation, states that the taxpayer paid 1980 taxes based on the original assessment of $150,000. His affidavit states that as of October 1,1979 the only construction on the subject property was “some steel framing.” As of the date of the affidavit, June 9, 1982, “the only construction on Block 38, Lot 3 is some steel framing, concrete blocks and floor slab.” The affidavit also states: “At *194 no time from October 1,1979 until the present has the construction on Block 38, Lot 3, been substantially complete or ready for its intended use.”
The taxpayer argues that since the subject property was on the taxing district’s assessment rolls as of October 1, 1979 for the tax year 1980, the omitted assessment “is nothing more than an attempt to revalue property on which a final assessment had previously been made.”
N.J.S.A. 54:4-23 provides that all real property shall be assessed to the owner on October 1 in each year. The assessor is required to determine
... the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1 next preceding the date on which the assessor shall complete his assessments....
N.J.S.A. 54:4-35 provides that the assessor shall complete the preparation of his assessment list as of the following January 10. The assessments are to indicate a separate taxable value for the land and a separate taxable value for the buildings and improvements. The sum of such separate values are the assessed value of the parcel. N.J.S.A. 54:4-26.
Once the assessment has been fixed by the assessor and reviewed by the county board of taxation, N.J.S.A. 54:4-46 and 47, it is subject to appeal by either the taxpayer or the taxing district to the county board of taxation. N.J.S.A. 54:3-21. A petition of appeal must be filed with the county board of taxation by August 15 of the tax year except that either party may appeal directly to the Tax Court by August 15 if the assessed valuation exceeds $750,000.
Omitted assessments are governed by N.J.S.A. 54:4-63.12, which provides that a county board of taxation may “assess any taxable property omitted from the assessment [list] for the particular year.” An alternate method for the assessment of omitted property provides that the assessor may “assess any taxable property omitted from the assessment list for the particular years.” N.J.S.A. 54:4-63.31. See Atlantic City Develop. Corp. v. Hamilton Tp., 3 N.J.Tax 363 (Tax Ct.1981).
*195 Plaintiff contends that the present omitted assessment contravenes the statutory provisions establishing the appeal process, N.J.S.A. 54:3-21, and the right of the taxpayer “to rely on the finality of the original assessment for the tax year 1980.” See, generally, Salem v. Salem Cty. Bd. of Tax., 1 N.J.Tax 462, 464 (Tax Ct.1980) (“the importance of providing some point at which decisions become final”) and Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct.1980) (strict time limitations for tax matters).
The taxpayer argues that the plain language of the omitted assessment statute is not susceptible of interpretation. It contends that the property was not omitted from the 1980 regular assessment list because there was a $150,000 land assessment for that year. The purpose of the omitted assessment law, taxpayer further argues, is to provide for the taxation of property which, through error, has been omitted from assessment. Citing Snyder v. S. Plainfield, 1 N.J.Tax 3 (Tax Ct.1980), plaintiff contends that the omitted assessment statute cannot be used when there already is an assessment for the property.
The city defends its actions on the basis of an affidavit of its assessor which states that as of October 1, 1979, for the tax year 1980, there were structural improvements existing on the subject property, and the assessment should have included a partial assessment. He then states:
The assessment which was originally reflected was not the result of any preconceived design to assess the improvements at 0 value. The Board of Assessors of the City of Atlantic City must assess approximately 14,000 line items each year and must work with a limited staff to achieve this result. It is most difficult to ensure (sic) that, despite every effort, each and every line item is properly assessed and therefore the possibility of an omitted assessment, such as this, does exist.
He concludes by saying that the placing of an omitted assessment on the property was not an attempt to single out the taxpayer for treatment different from that accorded other taxpayers. The city has made omitted assessments in other instances in which improvements were under construction but for which construction a partial assessment was omitted. A deposition of the assessor in which he says essentially the same thing is also before the court.
*196 The city also cites Snyder v. South Plainfield in support of its position, but relies primarily on N.Y. State Realty & Terminal Co. Appeal, 21 N.J. 90, 121 A.2d 21 (1956).
While Snyder seemingly supports the city’s position, the issue of the propriety of an omitted partial assessment was not specifically addressed by Judge Andrew in that case. The taxpayer’s “sole contention” there was that the “Freeze Act,” N.J.S.A. 54:3-26, should apply to judgments of the Middlesex County Board of Taxation “remitting” the added assessments on the property on the basis that no certificates of occupancy had been issued for the property. The court held that the Freeze Act did not apply to the county board of taxation judgment “remitting the added assessments, since the value of the improvements were not therein at issue.” 1 N.J.Tax 3, 10 (Tax Ct.1980).
There can be no doubt that the Legislature intends that all real property, not exempt from taxation, shall bear its fair share of the local tax burden and shall be assessed for taxation as of October 1 of each year. N.J.S.A. 54:4-1, 54:4-23 and 54:4r-35. The requirement that all property bear its fair share of local property taxes is elaborated in N.Y. State Realty & Terminal Co. Appeal, supra. In that case the assessor failed to place an added assessment on the property after completion of construction, in accordance with the Added Assessment Law, N.J.S.A. 54:4-63.1 et seq. An omitted added assessment was made in accordance with N.J.S.A. 54:4-63.12 et seq. In affirming the use of such a procedure Chief Justice Vanderbilt, writing for the Supreme Court, said:
The guiding philosophy for the fair and just assessment and collection of taxes is found in these words of our statutes:
“All property real and personal within the jurisdiction of this State not expressly exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually under this chapter at its true value, and shall be valued by the assessors of the respective taxing districts. * * * Property omitted from any assessment may be assessed by the county board of taxation within such time and in such manner as shall be provided by law. * * * ” N.J.S.A. 54:4-1. (Emphasis supplied)
“The county board may adjourn from time to time in the discharge of its duties, and may, after investigation, revise, correct and equalize the assessed *197 value of all property in the respective taxing districts, increase or decrease the assessed value of any property not truly valued, assess property omitted from any assessment, as provided by law, at its true value, and in general do everything necessary for the taxation of all property in the county equally and at its true value.” N.J.S.A. 54:4 — 47. [21 N.J. at 96-97,121 A.2d 21; emphasis supplied]
The court also said that the inequity of omitted assessments has long been recognized in our State.
More than a century ago in State v. Collector of Jersey City, 24 N.J.L. 108, 120 (Sup.Ct.1853), it was said:
“It would be a novel and dangerous doctrine to hold, that if the assessors happened to omit some property really taxable, the assessment is thereby necessarily void, so that no taxes can be collected. There is, perhaps, scarcely a district in the state where this does not happen, to a greater or lesser extent, almost every year.” [21 N.J. at 97, 121 A.2d 21]
The court stated further:
The assessor has the right and it [is] his duty to assess all property as of October 1 in each year; N.J.S.A. 54:4-1, R.S. 54:4-9, R.S. 54:4-23; and in so doing he does not preclude his taxing district from subsequently proceeding by way of the added assessment sections of the law to include assessable improvements to the land thereafter made or from proceeding under the omitted assessment sections to include assessable property which was omitted from the assessment. [21 N.J. at 99, 121 A.2d 21]
Of particular importance to the present case is the implicit approval of the use of partial assessments in N.Y. State Realty. The assessor had, as of October 1 of the pretax year, levied an assessment of $166,000 as the construction value of the structure that then existed in an incomplete state. Although the issue before the court was one of an omitted added assessment, the court said:
We do not believe that .. . placing a construction value on a partially completed structure as oí the annual assessment date in any way prevents action being taken or relief being granted under the Added Assessments Law or the Omitted Assessments Law. [21 N.J. at 99, 121 A.2d 21; emphasis supplied]
To the same effect is Texas Eastern Transmission Corp. v. East Amwell Tp., 82 N.J.Super. 593, 198 A.2d 786 (App.Div.1964).
. . . [A] structure in process of construction on October 1 (which is the general assessment date for taxes of the following calendar or tax year) is assessable for its then construction value for the following year. See Appeal of New York State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956). [at 596, n. 1]
If the propriety of partial assessments is accepted, as it must be under the N.Y. State Realty and Texas Eastern cases, there is no basis for denying to the municipality the right to place an *198 omitted assessment on its books for partially completed construction.
In the present case there is no evidence that the assessor considered the improvements on the subject property and concluded they had no value. If there were such evidence before the court, plaintiff’s motion would have to be granted. In the latter event the assessor would in fact be using the omitted assessment statute to avoid the time requirements of the appeal process. Cf. Manczak v. Dover Tp., 2 N.J.Tax 529 (Tax Ct.1981), on the necessity for adhering to such time requirements. The court finds that the assessor did not determine that the improvements had no value as of October 1, 1979, but rather that he omitted altogether to assess the improvements. Under those circumstances the taxpayer cannot escape its fair share of the burden of local taxes.
Taxes are the life blood of government and no taxpayer should be permitted to escape the payment of his just share of the burden of contributing thereto. [Citations omitted] Any procedure which would permit avoidance of such taxes when a substantial basis therefor exists is inequitable. [N. Y. State Realty & Terminal Co. Appeal, 21 N.J. at 96, 121 A.2d 21 (1956)]
No taxpayer should escape his fair share of taxes because
Ad valorem taxation is imposed in respect of the physical presence of property in a taxing district, by reason of which it is in presumptive enjoyment of the protective and other benefits of local government. [Texas Eastern Transmission Corp. v. East Amwell Tp., 82 N.J.Super. at 597-598, 198 A.2d 786]
The statutes provide for assessing property which has for one reason or another been entirely omitted from a taxing district’s assessing rolls but which was in existence on October 1 of the pretax year. N.J.S.A. 54:4-63.12 and 54:4-63.31 and 63.32. The statutes also provide, by way of an added assessment, for assessing property sold by a municipality after October 1 of the pretax year or on which improvements are completed after October 1 of the pretax year. N.J.S.A. 54:4-63.2 and 63.3. An added assessment which has been omitted may also be placed on a municipality’s assessment rolls. N.Y. State Realty & Terminal Co. Appeal, supra. If the right to exemption from local property taxes ceases the property is to be assessed as of the first day of the month following the cessation of exemption. N.J.S.A. 54:4-63.28. This court now concludes that a partial assessment *199 not placed on the assessment rolls as of October 1 may thereafter be made as an omitted assessment. N.J.S.A. 54:4-63.12 and 63.32.
Each party refers to Cherry Hill Indus. Props. v. Voorhees Tp., 3 N.J.Tax 63 (Tax Ct.1981), rev’d 186 N.J.Super. 307, 452 A.2d 673 (App.Div.1983), certif. granted and judgment mod. 91 N.J. 526, 453 A.2d 850 (1982). That matter involved farmland assessment rollback taxes, and its particular and unusual facts distinguish it from the present case.
Each party also relies on various cases from other jurisdictions. However, placing omitted assessments on the tax rolls is so peculiarly a creature of our statute, and the cases interpreting the statute, that it is the court’s view that cases from other jurisdictions are not helpful in the disposition of the present issue. For a similar expression, see Texas Eastern Transmission Corp. v. East Amwell Tp., supra, 82 N.J.Super. at 598, 198 A.2d 786.
The imposition of an omitted partial assessment for the improvements was proper. Plaintiff’s motion is denied. The issue of the amount of the assessment is reserved for disposition at trial. Counsel for defendant will submit an order pursuant to R. 4:42-1.