CRABTREE, J.T.C.
These are consolidated local property tax cases in which plaintiff seeks review of judgments of the Hudson County Board of Taxation determining an omitted added assessment on the subject property for tax year 1994 and an omitted assessment on the same property for 1995, as follows:
1994 Original Assessment 1994 County Board Judgment
Land -0--0-
Improvements $550,000 $350,000
Total $550,000 $350,000
1995 Original Assessment 1995 County Board Judgment
Land -0--0-
Improvements $550,000 $350,000
Total $550,000 $350,000
Both the assessment and the county board judgment were prorated for twelve months for both years.
The property in controversy is located at 4301-4307 Hudson Avenue in Union City, New Jersey, and is also known and designated on the municipal tax map as Block 252, Lot 8. Prior to 1994, the property was assessed at:
Land $237,500
Improvements -0-
Total $237,500
The case is before this court on plaintiffs motion for summary judgment, and the sole issue is whether, under the undisputed facts to be set forth, defendant’s omitted assessments were made in accordance with the statute. Defendant has conceded that added assessments were incorrect and that the court must consid *140 er only the legal sufficiency of the assessments as omitted assessments.
The evidence in this case, consisting of certifications and the uncontradicted testimony of defendant’s assessor,[1] reveals that the subject property, prior to a district-wide revaluation effective for 1992, had been a gasoline service station. In 1985 and 1986, a developer, having theretofore purchased the property and having demolished the gas station, built a 24-unit residential condominium. Thereafter, but prior to completion of construction of the condominium, a moratorium was imposed by the New Jersey Department of Environmental Protection and Energy (DEPE) upon sewer connections to new construction. Thus, further construction of the condominium was suspended as no certificate of occupancy could be issued for the subject property.
In this posture, the assessor, notwithstanding the existence of a partially completed improvement on the property, determined, with respect to the revaluation year of 1992, that that improvement had no value and thus assigned a zero value to it, while assessing the land at $237,500. This assessment was continued for 1993,1994 and 1995.
On or about January 13,1994, the sewer moratorium was lifted, thus removing the only impediment to the issuance of a certificate of occupancy, and a certificate of occupancy was, in fact, issued on March 25, 1996.[2] The assessor did not learn that the sewer ban was lifted until February 1995. In October 1995, the assessor *141 made omitted assessments[3] with respect to the improvement for both 1994 and 1995.
The relevant statute is N.J.S.A. 54:4-63.31, which provides:
In any tax year or in the next succeeding tax year the assessor of any taxing district, may in accordance 'with the provisions of this act, assess any taxable property omitted from the assessment list for the particular tax year. The taxable value of such property shall be determined as of October 1 of the preceding year.
With respect to tax year 1994, there is nothing in this record, ie., the certifications and the testimony of the assessor, to indicate that on October 1, 1993, the assessing date for 1994, the lifting of the sewer ban on January 13, 1994 was foreseeable. It appears to be well settled in this state that except where a sale of the subject property is involved, real property must be valued in accordance with events known or reasonably foreseeable on the assessing date and without the benefit of hindsight. Lamm Assocs. v. Borough of West Caldwell, 1 N.J.Tax 373 (Tax 1980); Borough of Fort Lee v. Invesco Holding Corp., 3 N.J.Tax 332 (Tax 1981), aff'd in part, rev’d in part, and remanded, 6 N.J.Tax 255 (App.Div.), certif. denied, 94 N.J. 606, 468 A.2d 238 (1983); Inwood at Great Notch v. Little Falls Tp., 6 N.J. Tax 316 (Tax 1984). N.J.S.A. 54:4-63.31 specifically requires that omitted property be valued as of October 1 of the year preceding the tax year,
With respect to both tax years 1994 and 1995, this court has held that the omitted assessment procedures may not be used to correct the assessor’s erroneous determination of value. Glen Pointe Assocs. v. Teaneck Tp., 10 N.J.Tax 598 (Tax 1989), aff'd, 12 N.J.Tax 127 (App.Div.1991). The same reasoning applies in this case. The assessor made a conscious decision with respect to the valuation of the partially completed condominium structure. Rather than assess the improvement as a partially completed structure and then impose an added assessment when the building was substantially completed, the assessor chose to value the land and improvements separately, as he is required to do by N.J.S.A. *142 54:4-26 and N.J.A.C. 18:12-2.8, assigning a dollar value to the land and a zero value to the improvement, notwithstanding the existence of a partially completed structure, on the premise that the improvement had no value because of the sewer ban. In making this decision, he ignored the fact that bricks and mortar have some value, however heavily they may be discounted because of the ban on sewer connections. The incomplete improvement called for a so-called partial assessment, based upon the proportion of the final value existing on the assessment date. Snyder v. Borough of South Plainfield, 1 N.J. Tax 3 (Tax 1980). Cf. Boardwalk Properties v. Atlantic City, 5 N.J. Tax 192 (Tax 1983) (partial assessment for improvements not placed on assessment rolls as of October 1 could thereafter be made as omitted assessment). The purpose of the omitted assessment law is to provide for the taxation of real property which, through error, has been omitted from assessment. In re New York State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956); Snyder, supra, 1 N.J. Tax at 7. The assessor’s failure to make an assessment for improvements on the subject property for 1994 and 1995 was not an oversight; it was a deliberate judgment that the improvement had no value.[4] The omitted assessment law may not be used to increase the assessed value on an improvement merely because the factual basis of the prior assessment no longer exists.
Plaintiffs motion for summary judgment will be granted. Judgment will be entered cancelling the omitted/added assessments for 1994 and 1995.

 At the first hearing, on plaintiff's motion the court determined that some testimony was necessary, and another hearing date was fixed, at which time, the court heard the testimony of the assessor. R. 4:46-3(b).

 While the record is somewhat confused, it appears that consistent with the concession by defendant's counsel that an added assessment was inappropriate for both 1994 and 1995, the property was, in fact, not completed, i.e., substantially ready for the use for which it was intended within the purview of the added assessment statute, N.J.S.A. 54:4-63.1, until March 25, 1996, when the certificate of occupancy was issued. See Beranto Towers v. City of Passaic, 1 N.J.Tax 344, 348-49 (Tax 1980) (stating that the underlying test under N.J.S.A. 54:4-63.1 is whether construction has reached a point where an economically viable structure is in existence as of the critical cutoff date).

 As indicated, the assessments were omitted added assessments, but counsel for the taxing district conceded at the hearings that an added assessment was improper, because there was no addition to the property in 1994 or 1995.

 Indeed, had the assessor chosen to assess the improvement at a nominal amount, such as $100, the outcome would be the same.