NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 815-2922
TeleFax:  (609) 376-3018
taxcourttrenton2@judiciary.state.nj.us

August 17, 2018

Michael L. Schneck, Esq.
Schneck Law Group, L.L.C.
301 South Livingston Avenue, Suite 105
Livingston, New Jersey 07039

Martin M. Barger, Esq.
Reussille Law Firm, L.L.C.
149 Avenue at the Common, Suite 1
Shrewsbury, New Jersey 07702

>      Re:     Levy <u>et al.</u> v. Borough of Deal
>              <u>Docket No. 013545-2017</u>

Dear Counsel:

This is the court's opinion with respect to the plaintiff's summary judgment motion seeking to cancel defendant's assessor's added assessment of $1,947,100 for all 12 months of tax year 2017, on grounds that it was untimely imposed and in violation of the applicable statutes.  The court finds that the assessment was valid as an omitted assessment, and therefore denies plaintiffs' summary judgment motion.

## **FACTS**

The undisputed facts are as follows.  Plaintiffs own real property located in defendant taxing district ("Borough"), identified as Block 13, Lot 1.03 ("Subject").  The Subject is a single-family residence which plaintiffs purchased August 29, 2013.  Plaintiffs were issued permits in

*

connection with the Subject's renovation/construction (April 2014 for house construction; December 5, 2014 for cabana construction; and January 20, 2015 for pool construction). For tax year 2015 (as of October 1, 2014), the Subject was assessed as vacant land at $2,107,200. This assessment, i.e. as vacant land, continued for tax years 2016 and 2017.[1]

The Borough's Building Department issued a final certificate of occupancy ("CO") on September 22, 2016. On or about October 1, 2017, the Borough issued two "omitted/added" tax bills. One was for tax year 2016, prorated for 3 months. The second was a "2017 Final/2018 Preliminary" tax bill for the 12-month period of 2017, and shown as an "added" assessment, in the amount of $1,947,100.

On November 8, 2017, plaintiffs filed a direct appeal to this court challenging the "added" assessment for tax year 2017, alleging that the assessment is not reflective of true value. They then filed this summary judgment motion. The Borough advised the court that it would not be filing any pleadings in opposition of the motion. The court then conferenced the parties and asked them to brief whether the 2017 assessment could be considered a valid omitted assessment pursuant to the ruling in Boardwalk Properties v. City of Atlantic City, 5 N.J. Tax 192 (Tax 1983). Both parties timely submitted their respective positions in this regard.

**ANALYSIS**

 A. *Appropriateness of Summary Judgement*

Summary judgment can be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment

---

[1] See the electronic excerpt of annual assessments at www.njactb.org (last visited August 9, 2018). The 2018 assessment indicates the same amount as the allocated assessment for land.

or order as a matter of law." R. 4:46-2(c). An issue of fact is genuine "only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid. Although the evidence is to be viewed most favorably toward the non-moving party, summary judgment may not be denied simply because the non-movant demonstrates the existence of a disputed fact. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540-41 (1995). Rather, denial is appropriate only where the evidence is of such a quality and quantity that reasonable minds could return a finding favorable to the party opposing the motion. Id. at 540.

Here, there are no material facts in dispute. The only issue is the validity of the assessment for tax year 2017 due to it being labeled as "added" in the tax bill. The court finds that the issue can be disposed of by a summary judgment motion.

Plaintiffs argue that they merit summary judgment as a matter of law because it was unopposed, and the Borough's submission were only at the court's request on application of Boardwalk Properties. Plaintiffs contend that to the extent the Borough's argument that its 2017 assessment should be properly considered as an omitted assessment, and therefore upheld, is in blatant disregard to the court rules, and must be deemed as judicially estopped.

However, just because a motion is unopposed does not mean that the movant is automatically entitled to the relief sought. See e.g. Black United Fund of New Jersey, Inc. v. City of East Orange, 17 N.J. Tax 446, 448-49 (Tax 1998) ("[A]n unopposed motion will not be granted unless the court is satisfied that the legal standards for granting the motion have been met."), aff'd, 339 N.J. Super. 462 (App. Div. 2001). This is especially true where the issue to be decided is one of law. See Van Winkle v. Borough of Rutherford, 12 N.J. Tax 290, 291 (Tax 1992) (parties

"cannot agree to have the court grant relief for which there is no authority."). Additionally, even if a motion is unopposed, the trial court is required to make findings of fact, and conclusions of law which co-relate to those facts, to determine whether plaintiffs are entitled to the relief they claim in their summary judgment motion. See R. 4:46-2(c); R. 1:7-4(a). The court's responsibility includes an "obligation to" decide all critical issues. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4(a) (2018). Cf. also St. Michael's Passionist Monastery v. City of Union, 195 N.J. Super. 608, 614 (App. Div. 1984) (sua sponte raising the possible application of the statute authorizing the placing a tax exempt property back on the tax list, when it loses its exemption due to change in use or ownership, and remanding the matter for fact finding in this regard).

Plaintiffs' unopposed summary judgment presented only a legal issue: whether the 2017 "added" assessment, prorated for 12 months, is valid as a matter of law. Although their brief in support of their summary judgment motion recited the omitted assessment statute, and precedent interpreting the same, it did not address the possibility of the 2017 assessment being valid if it was considered as an omitted assessment. The court therefore provided both parties the opportunity to submit their respective positions in this regard, specifically with respect to Boardwalk Properties. As such, and since the Borough does not assert any new or disputed material facts, the court will consider its position, even though it did not initially oppose plaintiffs' summary judgment motion.

*(B) Added Assessment*

An added assessment is intended to capture an increase in value to real property as a result of the completion of a building/structure, or because of an addition or improvement thereto, which completion, or addition occurs after the October 1 valuation date, but before the end of the pre-tax year, or during January to October of the tax year. If a structure was erected, added to, or improved after the October 1 valuation date and before the January 1 start of the tax year, an added assessment

4

is imposed for the entire tax year, and for a portion of the pre-tax year of completion from the first day of the month following completion through December 31. N.J.S.A. 54:4-63.2. If a structure has been erected, added to, or improved after the October 1 assessment date, and completed between January 1 and October 1 of the tax year, the assessor must first determine the taxable value of the improvements as of the first of the month following the completion, then assess the amount in excess of the assessment made as of the preceding October 1 date, and thereafter prorate such amount for the remaining months in the tax year. N.J.S.A. 54:4-63.2.[2]

The undisputed facts here are that the improvements were added, and completed, as of June 24, 2016, and at the very latest, September 22, 2016. Thus, an added assessment for 2016, prorated for the remainder of that tax year, is valid.

Since the structure was completed <u>before</u> the October 1, 2016 valuation date for tax year 2017, the 2017 regular assessment should have included the value of the same under N.J.S.A. 54:4-23. <u>See e.g.</u> <u>Glen Pointe Associates. v. Twp. of Teaneck</u>, 10 N.J. Tax 598, 600-601 (Tax 1989) (where building was completed September 1984, an added assessment for 1985 was improper because "[i]t was not, but should have been, part of the regular assessment made on October 1, 1984 pursuant to N.J.S.A. 54:4-23"), <u>aff'd</u>, 12 N.J. Tax 127 (App. Div. 1991). Thus, a 12-month <u>added</u> assessment for tax year 2017 cannot be statutorily sustained. Notably, in <u>Glen Pointe Associates</u>, unlike here, the property's assessment had already included the assessor's value

---

[2] Procedurally, the assessor must file an added assessment list by October 1 "following" the completion of the improvements. N.J.S.A. 54:4-63.5. The county board should send a copy of the same (as revised or corrected) to the tax collector on or before October 10. <u>Ibid.</u> The tax collector then prepares, completes, and delivers tax bills to the property owner "at least one week before November first." N.J.S.A. 54:4-63.7. The tax due as a result of the added assessment is payable on November 1 of the tax year. N.J.S.A. 54:4-63.8. A property owner has the right to an appeal by December 1. N.J.S.A. 54:4-63.11.

judgment, as reflected in an allocation for both land and improvements, with the allocation of $15,436,000 to improvements.  See 10 N.J. Tax at 599.

*(C)    Can the value of the completed improvements at the Subject be captured via an omitted assessment for tax year 2017?*

Several decades ago, our Supreme Court ruled that the omitted assessment procedure is intended to "provide means whereby . . . property omitted from the tax rolls through design or inadvertence can be added and included and taxed . . . [for the] year in which it was omitted from the tax rolls."  Appeal of New York State Realty & Terminal Co., 21 N.J. 90, 97 (1956).  The Court held that the omitted assessment statute allowed "assessment of property which may have properly been included in the general assessment but for one reason or another was not included either originally on the general assessment date or subsequently as required by the added assessment statutes."  Id. at 98.  The policy rationale behind this conclusion is that all taxpayers must bear their equal share of "the tax burden," since "no taxpayer should be permitted to escape . . . contributing" to the same.  Id. at 96.  "Any procedure which would permit avoidance of such taxes when a substantial basis therefor exists is inequitable."  Ibid.

The omitted assessment statute permits an assessment, under "two different methods," of property which was "omitted from the tax list."  Van Orden v. Twp. of Wyckoff, 22 N.J. Tax 31, 35 (Tax 2005).  Under the "older" method (enacted in 1947), a county board can "assess any taxable property omitted from the assessment for the particular year."  N.J.S.A. 54:4-63.12.  A complaint must be filed by either the assessor, the tax collector, any taxpayer, the "governing body," or the county board (by resolution), "specify[ing] the property alleged to have been omitted," and the "particular year of the assessment."  N.J.S.A 54:4-63.13.  The "newer" method (enacted in 1968), is similar to "the procedure for added assessments in that the omitted assessment

6

is initiated by the assessor's filing of an omitted assessment list with county board." Van Orden, 22 N.J. Tax at 35.[3] Under either the older or newer method, an omitted assessment can be imposed either in the tax year for which the property was omitted or "in the next succeeding year." N.J.S.A. 54:3-63.12; N.J.S.A. 54:4-63.31.

Plaintiffs concede that the Borough's imposition of the added assessment for the remainder of tax year 2016 was proper. They also concede that the same was omitted from being imposed in that year. They further agree that its imposition as an omitted added assessment in October of 2017 is valid. See also Van Orden, 22 N.J. Tax at 35 (if an added assessment "might have been made for the previous year but was not so made, the added assessment may be made in the following year as an omitted or, more precisely, an omitted added assessment."). They however argue that using this mechanism is impermissible for tax year 2017.

Precedent has uniformly held that if, as of the assessing date, the assessor had already determined that the value of the existing improvement is a certain amount, or even zero-dollars, then, using an omitted assessment procedure to increase the same is impermissible. For instance, in Glen Pointe Associates, 10 N.J. Tax at 600, the court rejected the assessor's attempt to impose a 12-month assessment "erroneously and misleadingly characterized as an added assessment," for tax year 1985, in an amount which was the same as the prior year's 3-month prorated added assessment. In Coastal Eagle Point Oil Co. v. Twp. of West Deptford, 19 N.J. Tax 123 (Tax 1999), aff'd, 19 N.J. Tax 301 (App. Div. 2001), the court rejected the imposition of an omitted assessment

---

[3] The deadlines for filing an omitted assessment list to, and its certification by, the county board of taxation, for sending tax bills, and appeal deadlines by property owners are the same as for added assessments, namely, October 1, October 10, November 1, and December 1. See N.J.S.A. 54:4-63.32; -63.35; -63.26; -63.39. The only difference is that for omitted assessments, the assessor must send an additional notice of the omitted assessment, to the property owner by certified mail. N.J.S.A. 54:4-63.35.

on personal property, which was already assessed as real property, but was later treated as personal property. In Parikh v. Twp. of Livingston, 30 N.J. Tax 326 (Tax 2018), the court rejected an attempt to place a 12-month "added" assessment for tax year 2016 on property, which was renovated and improved prior to the assessing date of October 1, 2015, but agreed that a 4-month prorated assessment for 2015 tax year was proper, even if imposed in 2016, because it was a valid "omitted added assessment." In 200 43rd Street, L.L.C. v. Union City, 16 N.J. Tax 138, 142 (Tax 1996), the court held that where the assessor had assigned a zero-dollar value to improvements "on the premise that the improvement had no value because" of a State issued moratorium on sewer connections, due to which COs could not be issued, he could not later use the omitted assessment procedure for two years preceding the year that he came to learn that the ban was lifted. In City of South Amboy v. Karpowicz, 28 N.J. Tax 324 (Tax 2015), this court held that where the assessor was fully aware that the improvements to a property was assigned a zero-dollar value by judgment of a county board of taxation, due to its destruction by fire, which judgment was not appealed, the assessor's carry forward of the zero-dollar value in subsequent years was a value judgment that could not be increased via an omitted assessment (although labeled as an added assessment).

Not one of these cases ruled that an omitted assessment would be invalid or improper, where, as here, the entire improvement was simply missed or omitted from being valued. Indeed, the cases acknowledged to the contrary. For instance, in Glen Pointe Associates, the court held that "[a]n omitted assessment can be imposed when real property subject to taxation has been erroneously omitted from the assessment rolls." 10 N.J. Tax at 601 (citation omitted). It also recognized that an omitted assessment is proper "where there is new construction, [or] improvements to existing structures." Ibid. However, such assessment is not proper where "the

8

entire structure was completed and ready for its intended use prior to . . . the assessing date," but was not "omitted as a taxable line item." Ibid. Similarly, in Coastal Eagle Point Oil Co., the court agreed that "[o]mitted assessments may be imposed when a property or physical portions of a property have been entirely omitted from the original assessment." 19 N.J. Tax at 129 (citing to Boardwalk Properties, 5 N.J. Tax at 197-99).

More importantly, in all of the above cases, the assessor had already established an opinion of value, and then attempted to re-visit (i.e. increase) the same via omitted assessments. Thus, in Glen Pointe Associates, Coastal Eagle Point Oil. Co., and Parikh, the properties' assessment had already included the assessor's value judgment, as reflected in an allocation for both land and improvements. This was simply not the case here. As noted above, the Subject was assessed for vacant land only for tax years 2015 through 2017. In 200 43rd Street, L.L.C., and in Karpowicz, the decision to place a zero-dollar value on the improvements was deliberate, and due to certain conditions negatively impacting the property's value (economic, and physical, respectively), which negated any contributory value of the improvements to the property in question. Here, there was no such impediment or negative value factors at play.

The court therefore finds that the facts herein align with the conclusion in Boardwalk Properties. There, the assessor overlooked the Subject's improvement and assessed the Subject as if it was vacant land. 5 N.J. Tax at 195. The court rejected the taxpayer's argument that the partially constructed structure, the object of the omitted assessment, "was on the . . . assessment rolls as of" the valuation date, and "the omitted assessment 'is nothing more than an attempt to revalue property on which a final assessment had previously been made,'" because "omitted assessment statute cannot be used when there already is an assessment for the property." Id. at 194-95. Since there was nothing to show that the assessor had actually "considered the

9

improvements" and determined they had zero value, but had "omitted altogether to assess the improvements," the omitted assessment was proper. Id. at 198. In such a situation, "the taxpayer cannot escape its fair share of the burden of local taxes." Ibid.

Here also, the 2017 assessment for the Subject was on vacant land only at $2,254,700. As the assessor in Boardwalk Properties, the Borough's assessor forgot to, or inadvertently omitted to, include the contributory value of the improvement to the Subject when setting the 2017 assessment on October 1, 2016, just as he omitted to place the prorated added assessment for the last three months of 2016. This is not a case of a deliberate decision to deem the improvement as having no contributory value to the Subject. Although here the assessor appears to have been aware that the improvements in the Subject were being constructed, plaintiffs do not suggest that he decided the improvements were worthless, or that he believed the improvements had zero contributory value to the land as of October 1, 2016. Indeed, the assessment on the improvements at more than $1 million suggests otherwise.

In this court's opinion, the situation herein is squarely intended to be covered by ruling in Appeal of New York State Realty & Terminal Co., namely, that plaintiffs cannot avoid their burden of contributing to taxes based on the assessor's inadvertent omission to assess property. Thus, an omitted assessment for tax year 2017 for the value of the newly completed improvements (plaintiffs' residence) on September 2016, would be valid under N.J.S.A. 54:4-63.31.

Plaintiffs argue that this court should not, and cannot extend the ruling in Appeal of New York State Realty & Terminal Co., because that case applied only to a "valid" added assessment, which was omitted from being imposed. Here, in contrast, the Borough imposed an invalid added assessment. However, and as explained infra, the court finds that the tax bill's imprecise labeling of the assessment is not fatal to the validity of the substance of the assessment, especially where

10

the Borough properly and timely notified plaintiffs of the assessment, and plaintiffs promptly appealed the same, thus suffered no due process, or other harm.[4]

Plaintiffs maintain that the ruling in Boardwalk Properties does not apply because in that case the assessor omitted to impose an assessment on partially completed improvements, which were difficult to "discover." Whereas here, the entire improvements, which were substantially complete before the assessing date, were fully discoverable, but plainly omitted from being assessed. Plaintiffs argue that the case applies to limited instances of omitted assessments of "partial improvements" only.

There is nothing in Boardwalk Properties to suggest that the assessor was unable to "discover" the improvements, which were omitted from being assessed. Rather, the assessor maintained it was a pure error in that there were a magnitude of "line items" to be addressed, which "with a limited staff," made it "most difficult to ensure (sic) that, despite every effort, each and every line item is properly assessed and therefore the possibility of an omitted assessment, such as this, does exist." 5 N.J. Tax at 195. Nor does that case limit its holding to partial improvements. Cases relying upon, or citing to Boardwalk Properties, also do not suggest or recognize its applicability as being limited to partial, or un-discoverable, improvements.

Plaintiffs contend that assessors must scrupulously adhere to all statutory requirements in imposing an assessment similar to their obligation when making Chapter 91 requests, therefore, this court cannot convert an improper added assessment into an omitted assessment. However, an assessor's inadvertent omission, or an incorrect labeling of an assessment is not necessarily, and

---

[4] Notably the purpose of the added assessment is "to avoid having properties escape taxation until the next assessment date arrives." Snyder v. Borough of South Plainfield, 1 N.J. Tax 3, 7 (Tax 1980). This purpose is similar to the purpose of an omitted assessment as set forth in Appeal of New York State Realty & Terminal Co., 21 N.J. at 97-98.

as a matter of law, incurable. The court does not find it fatal that the 12-month assessment for 2017 was labeled as "added" in the tax bill. The mislabeling did not substantively deprive plaintiffs of any due process rights, nor otherwise harm plaintiffs. They were given timely notice of the assessment as required by the statute, and within the statutory deadlines. Indeed, they promptly appealed the same within the statutory deadline. Thus, they have had full and fair opportunity to challenge the assessment. The mislabeling the 2017 assessment as "added" is outweighed by the public interest in having all property owners bear their fair share of the cost of government. Equities do not favor that the entire improvements on the Subject escape tax for 2017 because the assessor called the assessment "added," especially where an omitted assessment for the same period is legally authorized. While in-artful and legally imprecise, the assessor's labeling of the 2017 assessment as "added" to indicate that the improvements were omitted to be assessed, does not render the assessment as beyond reach of this court's jurisdiction.

In sum, simply because the improvement was completed as of the valuation date of a tax year, and was not captured in the regular assessment for that tax year, does not automatically, as a matter of law, and without more, foreclose its assessment under the omitted assessment procedure. The assessment on the Subject's improvements for 2017, labeled as an added assessment on the tax bill is treated as an omitted assessment, and its imposition as an omitted assessment is affirmed.

## CONCLUSION

For the aforementioned reasons, plaintiffs' summary judgment motion to void this assessment is denied. Trial will be held on the valuation aspect.

Very truly yours,

Mala Sundar, J.T.C.

12