PER CURIAM.
Plaintiff Glenpointe Associates is the owner of a mixed use development in Teaneck in which the East Office Building is located. On October 1, 1983, the assessing date for 1984, the East Office Building was incomplete. The property was assessed for 1984, as of the October 1, 1983 assessment date, at $13,757,500 ($251,500 for land, $13,506,000 for improvements). As of October 1, 1984, the building was substantially complete for its intended use. It was assessed as of that date for 1985 at $15,687,500 ($251,500 for land, $15,436,000 for improvements). On October 1, 1985, the assessor levied an added assessment for the last three months of 1984 pursuant to N.J.S.A. 54:4-63.2 which provides in pertinent part:
[W]hen any parcel of real property contains any building or other structure which has been erected, added to or improved after October 1 in any year and completed before January 1 following, the assessor shall, after examination and inquiry, determine the taxable value of such parcel of real property as of the first day of the month following completion or sale of said property and ... if such value so determined exceeds the assessment made as of October 1 preceding, the assessor, shall enter the amount of such assessment or such excess, as an assessment or an added assessment against such parcel of real property, for the subsequent tax year____
He also levied an omitted assessment for an additional $7,840,-000 for the full year of 1985 pursuant to N.J.S.A. 54:4-63.31 which provides:
In any tax year or in the next succeeding tax year the assessor of any taxing district, may in accordance with the provisions of this act, assess any taxable property omitted from the assessment list for the particular tax year. The taxable value of such property shall be determined as of October 1 of the preceding year.
The assessments also prorated the additional assessment to $1,960,000 for the three-month period in 1984.
Plaintiff filed a complaint with the Bergen County Board of Taxation which affirmed the 1985 omitted assessment.[1] Plaintiff then appealed to the Tax Court. Judge Crabtree, in an opinion dated June 20, 1989 (reported at 10 N.J.Tax. 506 (Tax *129 Ct.1989)) struck the 1985 omitted assessment as “erroneously duplicative pursuant to N.J.S.A. 54:4-54.” Id. at 519. Teaneck moved for reconsideration. Judge Crabtree denied the motion in an opinion dated November 28, 1989 (reported at 10 N.J.Tax. 598 (Tax Ct.1989)), in which he concluded that:
The assessor simply failed to consider the full value of the subject as of the assessing date, October 1, 1984, for tax year 1985. The situation is simply an erroneous determination of value on the assessing date which the assessor attempts to correct administratively at a later date. The only way to remedy such an incorrect determination is for the taxing district to file an appeal with the county board (or with the Tax Court if the assessment exceeds $750,000) pursuant to N.J.S.A. 54:3-21.
Id. at 601.
We have carefully reviewed this record in light of the contentions advanced by Teaneck and have concluded that there is no warrant for our intervention. We affirm substantially for the reasons expressed in Judge Crabtree’s thoughtful opinion of November 28, 1989.
Affirmed.

As Judge Crabtree noted, ”[t]he propriety of the assessor’s action in imposing the added assessment for the last three months of 1984 is not in issue.” 10 N.J.Tax. at 600.