PIZZUTO, J.T.C.
During the years 1998 through 2000 plaintiffs owned residential property located at 709 Albermarle Street in Wyckoff Township, designated as Block 421, Lot *7, in the Township’s tax records. For 1998 this property was assessed as follows:
Land: $155,900
Improvements: $246,500
Total: $402,400
After this assessment was made, the property was further improved by the construction of a deck, completed in September 1998, which (according to the municipal building permit) measured 290 square feet and had an estimated cost of $3,000.
The property’s 1999 regular assessment, of which plaintiffs were notified early that year pursuant to N.J.S.A. 54:4-38.1, was unchanged from the 1998 assessment recited above. In October 1999, plaintiffs received notice of two additional assessments on the property by the Wyckoff assessor. One was for a portion of 1998 and the other for the full year 1999. Each additional assessment increased the improvements component of the property’s assessment by $49,600. In the case of the 1998 part-year assessment, the amount was prorated for the three-month period beginning on October 1. Plaintiffs contested the additional assessments at the Bergen County Board of Taxation, which issued separate judgments affirming each assessment. Separate complaints were filed in the Tax Court for review of each county board judgment.
The facts narrated above are undisputed, and plaintiffs have moved for summary judgment invalidating both additional assessments. Before the particular arguments concerning the motion are addressed, it is helpful to review the statutory framework governing additional assessments made after the regular assessment for a property for a given year is determined.
*34 Assessors are required to submit tax lists not later than January 10 of each year, establishing that year’s assessment of each parcel of taxable real property at the taxable value of the parcel as of October 1 of the preceding year. N.J.S.A. 54:4-35. Each property is valued in the January tax list in the condition in which it stood on the previous October 1. N.J.S.A 54:4-23. The county board of taxation may revise and correct assessments for the current year, and the final tax list is certified on or before June 3 of that year. N.J.S.A 54:4-55. The assessments so determined continue to reflect the condition of the property on the previous October 1 and its value in that condition on the same date.
There are statutes separate from those governing the submission and revision of the annual tax list that deal with “added” assessments on property on which improvements come to be completed after the October 1 pre-tax year valuation date. There are also statutes that permit the making of “omitted” assessments on certain property that was not included in the general tax list.
Added assessments are provided for in N.J.S.A 54:4-63.1 through 63.11a. The assessor files an added assessment list with the county board of taxation annually on October 1. N.J.S.A 54:4-63.5. In it the assessor includes an added assessment, for any property having an addition completed since January 1 of the current year. The added assessment is prorated for the number of months following completion. N.J.S.A 54:4-63.3. The added assessment list also includes properties having additions completed between October 1 and December 31 of the previous year. For these properties the assessor includes a full current-year added assessment and a prorated assessment for the period following completion in the previous year. N.J.S.A 54:4-63.2.
After any necessary revision and correction, the added assessment list is certified by the board by October 10. Tax bills for added assessments are delivered at least one week before November 1 (N.J.S.A 54:4-63.7), and appeals may be filed with the county board of taxation on or before December 1 (N.J.S.A. 54:4-63.11).
*35 There are two different methods for assessment of property that has been omitted from the tax list. The older method (N.J.S.A. 54:4-63.12 through 63.24) provides for a hearing before the county board of taxation, upon complaint of a municipal official or resolution by the board with notice to the property owner. Any omitted assessment is then made by judgment of the board. N.J.S.A. 54:4-63.14. A municipality’s omitted assessment list, as revised and corrected by the county board’s judgments, is to be completed by October 10. N.J.S.A. 54:4-63.17. The newer or alternative method (N.J.S.A. 54:4-63.31 through 63.40) resembles the procedure for added assessments in that the omitted assessment is initiated by the assessor’s filing of an omitted assessment list with county board. After revision and correction by the board, the list is certified on or before October 10. N.J.S.A. 54:4-63.32. Thereupon the assessor is to give notice to the affected property owners by certified mail, and tax bills are prepared. N.J.S.A. 54:4-63.35, 36. Appeals from omitted assessments made under the alternative method may be filed with the county board before December 1. N.J.S.A. 54:4-63.39.
Under both methods, an omitted assessment may be made either for the current year or for the preceding year. Where an added assessment might have been made for the previous year but was not so made, the added assessment may be made in the following year as an omitted or, more precisely, an omitted added assessment. Appeal of New York State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956).
The calculation of an added assessment or an omitted added assessment is governed by N.J. Foreign Trade Zone Venture v. Mt. Olive Tp., 10 N.J.Tax 330 (1989), aff'd, 242 N.J.Super. 170, 576 A.2d 303 (App.Div.1990). The process requires a determination of the full taxable value of the property after completion of the improvements or additions. From that amount the previous assessment is subtracted, and the difference becomes, subject to any necessary proration, the added assessment. Therefore, it is possible that the completion of an addition of comparatively little value may result in a substantial added assessment because the property was undervalued in the condition in which it stood before the *36 addition was constructed. In the present case the assessor’s opinion of the total value of the property after the deck improvement (estimated to cost $3,000) was $452,000. Since the assessment before the deck improvement was $402,400, the added assessment before proration was $49,600.
In the present matter, plaintiffs’ summary judgment motion contends that neither the 1998 part-year nor 1999 full-year additional assessment on their property satisfies the requirements of the added and omitted assessment statutes and therefore the assessments should be vacated by the Tax Court. It is acknowledged that the 1998 assessment was made as an omitted added assessment under the alternative method. The deficiency claimed as to this assessment is that notice was given only by ordinary mail, rather than by certified mail. Plaintiffs also contend that the 1999 assessment, denominated by the assessor in the notice given in October 1999 as an added assessment, cannot be sustained as such because the addition was completed before October 1, 1998. Alternatively plaintiffs argue that the assessment cannot be sustained as an omitted assessment (as the taxing district now characterizes it) both on account of defective notice and because, under the applicable provisions governing omitted assessments, no property of plaintiffs was actually omitted from the tax list.
Since the 1998 assessment, as an omitted added assessment, is agreed to be subject to the requirements of the alternative method for imposing omitted assessments, the provision in N.J.S.A. 54:4-63.35 for notice by certified mail applies. That statute reads as follows:
As soon as the certified copy of the omitted assessment list is received by the assessor from the county board the assessor shall cause a notice to be sent by certified mail to the owner of each of the properties affected stating that an omitted assessment has been made as to the taxpayer’s property and that the tax payable as a result thereof may be ascertained from the collector of taxes of the taxing district.
[N.J.S.A. 54:4-63.35.]
It is not disputed that the assessor gave notice in the specified form by ordinary mail, that the notice was received and that the plaintiffs were able to pursue a timely appeal of the 1998 assessment. In these circumstances the notice requirement is fully *37 satisfied. Absent clear statutory direction that the prescribed manner of notice is essential to the validity of the assessment, there is no reason so to find.
 The evident purpose of the requirement for certified mail is to provide a verifiable means for giving actual notice. See Green v. East Orange, 21 N.J.Tax 324 (2004). Where it is undisputed that actual notice has been given by ordinary mail, that purpose is equally satisfied, and invalidation of an action for defective notice is empty formalism. In I.S. Smick Lumber v. Hubschmidt, 177 N.J.Super. 131, 425 A.2d 709 (Law Div.1980), aff'd, 182 N.J.Super. 306, 440 A.2d 1160 (App.Div.1982) the question was the sufficiency of undisputed notice by ordinary mail under the Mechanics Lien Act (N.J.S.A. 2A:44-64 et seq.), which prescribed notice personally or by registered or certified mail. The court concluded that notice was sufficient and aptly observed:
To ignore the fact that a person has been given actual and concrete notice of an event merely because such notice did not conform to technical procedures not only flies in the face of common sense, it is precisely the type of labyrinthine misconception which brings the legal system into disrepute among laymen. This court rejects such reasoning. A bell cannot be unrung, knowledge cannot be erased, and actual notice is-or ought to be-the best notice unless either the English language or the law of common sense be repealed.
[ 177 N.J.Super, at 136, 425 A.2d at 711. ]
See also Roland-Leopoid v. Khoury, 304 N.J.Super. 372, 700 A.2d 910 (Law Div.1997). (Landlord’s notice to quit given by certified mail satisfies personal service requirement.) Courts of other jurisdictions have also concluded that where actual notice is given by a method other than certified mail, an action is not defective under a statutory provision calling for certified mail. Feldewerth v. Joint School District 28-J, 3 P.3d 467 (Colo.App.2000) (dismissal of assistant principal); Cruder v. Westmoreland County Tax Claim Bureau, 861 A.2d 411 (Pa.Commw.2004) (tax sale). Accordingly, plaintiffs’ motion for summary judgment as to the 1998 assessment is denied.
Plaintiffs make an additional argument that if the assessment is not invalid for defective notice, the procedures for calculating an added assessment as mandated by N.J. Foreign Trade Zone, supra, should not apply. They attempt to distinguish the *38 case on the basis that before the improvements covered by the added assessment in N.J. Foreign Trade Zone were constructed the property consisted of vacant land, while in the instant ease plaintiffs’ property was already substantially improved and the addition was comparatively minor. They therefore seek a determination that the 1998 added assessment, before proration, may not exceed the value increment produced by the addition of the deck. The distinction plaintiffs propose is not pertinent to the clear objective of the N.J. Foreign Trade Zone method, which is to produce an accurate taxable value for the entire property and not simply an incremental value for new construction. Therefore, N.J. Foreign Trade Zone controls here, and plaintiffs’ application for a determination to the contrary is denied. Plaintiffs are, however, permitted to dispute in proceedings herein the assessor’s calculation of a $452,000 value for their property after the deck addition, which resulted in the added assessment before proration of $49,600.
The circumstances of the assessments on plaintiffs’ property are like those in Glen Pointe Assoc. v. Teaneck Tp., 10 N.J.Tax 598 (1989), aff'd, 12 N.J.Tax 127 (App.Div.1991). There, the Tax Court concluded that a three-month prorated assessment for 1984 for improvements completed in 1984 could be imposed as an omitted added assessment in 1985. The court found, however, that a full-year assessment for 1985 could not be sustained as an added assessment “because it was not imposed for a year in which the property was substantially completed within the purview of N.J.S.A. 54:4-63.3.” 10 N.J.Tax at 600. The court further found that the 1985 assessment could not be sustained as an omitted assessment. Judge Crabtree reasoned:
While an addition was in fact constructed and was properly the subject of an added assessment for the last three months of 1984, the entire structure was completed and ready for its intended use prior to October 1, 1984, the assessing date for 1985; nor was the property omitted as a taxable line item. The assessor simply failed to consider the full value of the subject as of the assessing date, October 1, 1984, for tax year 1985. The situation is simply an erroneous determination of value on the assessing date which the assessor attempts to correct administratively at a later date.
[ 10 N.J.Tax at 601. ]
*39 Finally, Judge Crabtree considered the impact N.J.S.A. 54:4-58, which provides:
No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax assessment or rate is levied, assessed or laid.
He concluded that the statute applied to defects which were essentially clerical in nature, and that it did not operate to validate the omitted assessment at issue. The Glen Pointe conclusions are all equally applicable here. Plaintiffs’ motion for summary judgment with respect the 1999 assessment is accordingly granted.
To recapitulate, plaintiffs’ motion for summary judgment with respect to the full-year 1999 assessment is granted, and judgment shall be entered canceling that assessment. The motion for summary judgment with respect to the part-year 1998 assessment is denied, as is the application to determine that N.J. Foreign Trade Zone Venture v. Mt. Olive Tp., is inapplicable. The 1998 matter may proceed to trial, should plaintiffs desire, on the calculation of the amount of the added assessment.