TAX COURT OF NEW JERSEY

**CHRISTINE M. NUGENT**
JUDGE



153 Halsey Street
Gibraltar Building - 8TH Floor
Newark, New Jersey 071012
(973) 648-2098 Fax: (973) 648-2149

January 25, 2018

Michael I. Schneck, Esq.
Schneck Law Group LLC
301 South Livingston Ave, Suite 105
Livingston, NJ 07039

Sharon Weiner, Esq.
Murphy McKeon PC
51 Rt. 23 South, P.O. Box 70
Riverdale, NJ 07457

> RE:    Parikh, Harsh P & Desai, Jayani P v. Livingston
>            013603-2016, 013605-2016

Dear Counsel:

This is the court's decision regarding taxpayers' motion for summary judgment seeking to invalidate two added assessments imposed on their property. Taxpayers argue the assessments lack statutory support and should have properly been included in the 2015 regular property assessment. This court finds partial relief is warranted and grants judgment voiding the 2016 twelve-month added assessment. Judgment invalidating the 2015 four-month added assessment is denied since the statute supports the actions of the assessor. The court grants Taxpayers' motion in part and denies it in part, for the reasons that follow.

FACTS

The court makes the following findings. R. 1:7-4. The facts relevant to the motion are undisputed as established by the certifications of the parties. Harsh P. Parikh and Jayani P. Desai ("Taxpayers") own the property under appeal identified on the Livingston municipal tax map as

*

Block 2006, Lot 15, commonly known as 50 Fellswood Drive ("subject property"). Before inclusion of the added assessments, the subject property carried a total assessment of $404,300 (land $287,300; improvement $117,000) on the township tax rolls for 2015 and 2016. See, www.Njactb.org.

Taxpayers reside in the single family home located on the property. They purchased the subject property and closed title on August 7, 2015. At some time between January 1, 2015 and August 7, 2015, improvements were undertaken and completed pursuant to permit number 20150131 issued on February 5, 2015. The Township of Livingston ("Township") building department issued a certificate of occupancy ("CO") dated August 7, 2015 for the completed work. The CO described the work as "Addition & Interior Alterations." The tax assessor did not receive a copy of the CO until November 4, 2015.

One year later, on or about September 25, 2016, Taxpayers learned the assessor levied two added assessments for the property. By letter from the tax collector, dated October 11, 2016, Taxpayers received two tax bills, one representing the twelve months of 2016 for $317,400, and a second prorated assessment issued to cover the final four months of 2015, for $105,800. The tax bills indicate the added assessments were for "Add/Alt" to the subject property. Taxpayers appealed the added assessments to the Essex County Board of Taxation ("county board") as being untimely and statutorily barred. After the county board affirmed the added assessments, Taxpayers appealed the judgments to this court through the filing of timely complaints, followed by the within motion for summary judgment.

## ANALYSIS

Generally, all real property in the State of New Jersey is assessed yearly. N.J.S.A. 54:4-23. The assessment is determined based on the value of the property as it existed on October 1 of

2

the pre-tax year. The tax court in <u>Van Orden v. Township of Wyckoff</u>, 22 <u>N.J. Tax</u> 31, 34 (Tax 2005), succinctly explained the process followed in setting regular property assessments memorialized in the annual tax list, and, the manner by which the added assessment list is prepared to reflect the value brought by a change to property occurring after October 1, and not captured by the regular assessment process.

> Assessors are required to submit tax lists not later than January 10 of each year, establishing that year's assessment of each parcel of taxable real property as the taxable value of the parcel as of October 1 of the preceding year. <u>N.J.S.A.</u> 54:4-35. Each property is valued in the January tax list in the condition in which it stood on the previous October 1. <u>N.J.S.A.</u> 54:4-23. The county board of taxation may revise and correct assessments for the current year, and the final tax list is certified on or before June 3 of that year. <u>N.J.S.A.</u> 54:4-55. The assessments so determined continue to reflect the condition of the property on the previous October 1 and its value in that condition on the same date.
>
> There are statutes separate from those governing the submission and revision of the annual tax list that deal with "added" assessments on property on which improvements come to be completed after the October 1 pre-tax year valuation date. There are also statutes that permit the making of "omitted" assessments on certain property that was not included in the general tax list.
>
> Added assessments are provided for in <u>N.J.S.A.</u> 54:4-63.1 through 63.11a. The assessor files an added assessment list with the county board of taxation annually on October 1. <u>N.J.S.A.</u> 54:4-63.5. In it the assessor includes an added assessment, for any property having an addition completed since January 1 of the current year. The added assessment is prorated for the number of months following completion. <u>N.J.S.A.</u> 54:4-63.3. The added assessment list also includes properties having additions completed between October 1 and December 31 of the previous year. For these properties the assessor includes a full current-year added assessment and a prorated assessment for the period following completion in the previous year. <u>N.J.S.A.</u> 54:4-63.2.
>
> After any necessary revision and correction, the added assessment list is certified by the board by October 10. Tax bills for added assessments are delivered at least one week before November 1

3

(N.J.S.A. 54:4-63.7), and appeals may be filed with the county board of taxation on or before December 1.  N.J.S.A. 54:4-63.11.

> [Ibid.]

Omitted assessments are authorized by N.J.S.A. 54:4-63.31.  The statute permits an assessor to place an assessment on a property or an improvement to a property, omitted entirely from the assessment rolls.  Glen Pointe Associates v. Township of Teaneck, 10 N.J. Tax 598, aff'd 12 N.J. Tax 127 (App. Div. 1991.)   The statute reads:

> In any tax year or in the next succeeding tax year the assessor of any taxing district, may in accordance with the provisions of this act, assess any taxable property omitted from the assessment list for the particular tax year. The taxable value of such property shall be determined as of October 1 of the preceding year.
>
> [N.J.S.A. 54:4-63.31.]

The statutes provide for a second method used to place an omitted assessment.  The two methods for assessment of omitted property are explained fully in Van Orden:

> The older method (N.J.S.A. 54:4-63.12 through 63.24) provides for a hearing before the county board of taxation, upon complaint of a municipal official or resolution by the board with notice to the property owner.  Any omitted assessment is then made by judgment of the board.  N.J.S.A. 54:4-63.14.  A municipality's omitted assessment list, as revised and corrected by the county board's judgments, is to be completed by October 10.  N.J.S.A. 54:4-63.17. The newer or alternative method (N.J.S.A. 54:4-63.31 through 63.40) resembles the procedure for added assessments in that the omitted assessment is initiated by the assessor's filing of an omitted assessment list with the county board.  After revision and correction by the board, the list is certified on or before October 10.  N.J.S.A. 54:4-63.32. Thereupon the assessor is to give notice to the affected property owners by certified mail, and tax bills are prepared. N.J.S.A. 54:4-63.35, 36.  Appeals from omitted assessments made under the alternative method may be filed with the county board before December 1.  N.J.S.A. 54:4-63.39.
>
> [Van Orden, supra, 22 N.J. Tax at 35.]

4

Also related to the statutory assessment scheme is the provision for an omitted added assessment. Where an assessor fails to include an added assessment on the yearly October 1 list filed with the board, tax on the value of the improvement is not necessarily lost. Instead, the law permits an assessor to place an assessment on the property through the omitted added process. Appeal of New York State Realty & Terminal Co., 21 N.J. 90 (1956). "Where an added assessment might have been made the previous year but was not so made, the added assessment may be made in the following year as an omitted, or more precisely, an omitted added assessment." Van Orden, supra, 22 N.J. Tax at 35 (citing Appeal of New York State Realty & Terminal Co., supra, 21 N.J. 90.)

The New Jersey Supreme Court set forth the theory of the laws governing added and omitted assessments in New York State Realty & Terminal Co.

> The theory of the Added Assessments law and the Omitted Assessments Law is to provide means whereby new construction and property omitted from the tax rolls through design or inadvertence can be added and included and taxed from the appropriate date when added to the land or for the appropriate year in which it was omitted from the tax rolls. The effect of these acts is to aid in accomplishing a proper and equitable distribution of the tax burden.
>
> In 1941 the manifestly unfair and disproportionate effect of the lack of any provision for the taxation of new construction completed after the annual assessment date which permitted new improvements to the land to remain free of taxation for periods up to 12 months was cured by the enactment of L. 1941, c. 397 (N.J.S.A. 54:4-63.1 et seq., supra).
>
> [New York State Realty & Terminal Co., supra, 21 N.J. at 97.]

Since that time, New Jersey cases involving added and omitted assessments have consistently followed the theory set forth in New York State Realty. See Snyder v. Borough of South Plainfield, 1 N.J. Tax 3 (Tax 1980); Boardwalk Props' v. City of Atlantic City, 5 N.J. Tax

192 (Tax 1983); <u>Inwood Owners v. Township of Little Falls</u>, 216 <u>N.J. Super</u>. 485 (App. Div. 1987), <u>certif. denied</u> 108 <u>N.J.</u> 184 (1987); <u>Glen Pointe Assocs' v. Township of Teaneck</u>, <u>supra</u>, 10 <u>N.J. Tax</u> 598; <u>Am. Hydro Power Partners v. City of Clifton</u>, 9 <u>N.J. Tax</u> 259 (Tax 1987), <u>aff'd,</u> 239 <u>N.J. Super.</u> 130 (App. Div.), <u>certif. denied,</u> 117 <u>N.J.</u> 75 (1989); <u>Freehold Borough v. Nestle USA</u>, 21 <u>N.J. Tax</u> 138 (Tax 2003); <u>Van Orden v. Township of Wyckoff</u>, <u>supra</u>, 22 <u>N.J. Tax</u> 31; <u>City of South Amboy v. Karpowicz</u>, 28 <u>N.J. Tax</u> 324 (Tax 2015).

The court has no need to engage in further fact finding in this matter since the material facts are undisputed.  Per <u>R.</u> 4:46-2(c),

> [J]udgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.

The standard set forth in <u>Brill v. Guardian Life Insurance Company of America</u>, 142 <u>N.J.</u> 520, 540 (1995), requiring the court "to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party" has been met and the matter is ripe for summary judgment.

*2016 full-year assessment*

Taxpayers contend, because renovations to the subject property were completed by August 2015, the added assessment procedure is not available to increase the 2016 subject property assessment.  Rather, any added value should have been included in the regular 2016 assessment. Both <u>Van Orden, supra,</u> and <u>Glen Pointe Associates, supra</u>, relied on by Taxpayers, illustrate the court's approach toward the issue and support Taxpayers' position.

In Glen Pointe, supra, 10 N.J. Tax 598, the assessor placed added assessments on the property improved with an office building. Work completed in September 1984 resulted in an increase in the property value. After the regular notice of assessment was sent, a second notice detailing added assessments was sent to the taxpayer in 1985, covering a portion of 1984 and the entire 1985 year. The court invalidated the 1985 full year assessment, but found the prorated portion of the added assessment for 1984 to be statutorily authorized as an omitted added assessment in 1985. The full-year assessment did not qualify as an added assessment, "because it was not imposed for a year in which the property was substantially completed within the purview of N.J.S.A. 54:4-63.3. It was not, but should have been, part of the regular assessment made on October 1, 1984 pursuant to N.J.S.A. 54:4-23." Id. at 600-01. The court found it likewise could not "be sustained as an omitted assessment made after January 1, 1985 for the tax year 1985[,]" id. at 601, stating:

> While an addition was in fact constructed and was properly the subject of an added assessment for the last three months of 1984, the entire structure was completed and ready for its intended use prior to October 1, 1984, the assessing date for 1985; nor was the property omitted as a taxable line item. The assessor simply failed to consider the full value of the subject as of the assessing date, October 1, 1984, for tax year 1985. The situation is simply an erroneous determination of value on the assessing date which the assessor attempts to correct administratively at a later date.

> [Ibid.]

In Van Orden, supra, 22 N.J. Tax 31, a single family residence was improved with the construction of a deck, completed in September 1998. The property owners received their regular assessment in early 1999, unchanged from the year before. In October 1999, the taxpayers received a notice of two added assessments, one for a portion of 1998 and the other for the entire 1999 tax year. While the court upheld the prorated added assessment covering the portion of 1998,

the court found that the full year added assessment for 1999 was invalid, in reliance on the reasoning of the court in Glen Pointe. Id. at 39.

In this matter, Township argues the holding in Glen Pointe does not control validity of the full-year 2016 added assessment because no "erroneous determination" of value occurred. Township contends the facts differ from those in Glen Pointe since in this matter "the Assessor (sic) did not get to consider the improvements to the Property (sic)" when making the regular assessment for 2016. Opp'n Br. 2. Because the assessor lacked notice of the improvements until after October 1, 2015, it was not possible for those improvements to be taken into account for the 2016 regular assessment. In addition, Township argues, as a matter of equity tax assessors must be given some leeway as strict adherence to the statutory deadlines is not feasible. To illustrate the point, Township contends the procedure followed by the tax assessor in this case is common practice throughout the state.

Township's contention is not novel. The tax court considered and rejected the taxpayer's argument that the discovery versus completion date should serve to trigger an added assessment in Freehold Borough v. Nestle, supra, 21 N.J. Tax at 153. The assessor there received copies of building permits in 1997, 1998, and 1999 for ongoing construction work on the building. He inspected the property in 2001 for the first time since commencement of the work and determined that some increased value had resulted from the permitted construction, though he was unable to specify, "when any particular improvement to the subject had been completed" or the amount of value added. Id. at 146. The assessor placed two assessments on the property for $1: an omitted added assessment for tax year 2000 and an added assessment for tax year 2001. The taxpayer moved for summary judgment to void the assessments, contending any increase in value should have been included in the regular assessment, among other arguments raised. The court reiterated,

8

"[a]dded assessments and omitted added assessments are permitted only when improvements are completed during the tax year for which such an assessment is made." Id. at 149. There, the assessor had no knowledge of when the improvements were completed. The tax court invalidated the assessments finding, "N.J.S.A. 54:4-63.3 does not permit added assessments for the year in which an improvement is discovered. Rather, added assessments are made for the tax year in which an improvement is completed." Id. at 153.

Taxpayers' position finds support in the case law as well as the plain language of the statutes. "[B]ecause tax liability is established by way of revenue legislation," Stryker Corp. v. Director, Div. of Taxation, 168 N.J. 138, 155 (2001), "the general rules of statutory construction apply to tax statutes." Oberhand v. Director, Div. of Taxation, 193 N.J. 558, 568 (2008) (citation omitted). In undertaking the process the court must first "construe and apply the statute as enacted." In re Closing of Jamesburg High School, 83 N.J. 540, 548 (1980). Second, in applying a statute, the paramount "goal is to interpret the statute consistent with the intent of the Legislature," Oberhand, supra, at 568 (citation omitted), and "the best indicator of that intent is the statutory language," DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citation omitted). Therefore, the court should "first turn to the plain language of the statute in question." Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High School District, 199 N.J. 14, 23 (2009) (citation omitted). In interpreting the text of the statute, "[i]f the language is clear, [a court should] interpret the statute consistent with its plain meaning." Oberhand, supra, at 568 (citation omitted). "If the plain language leads to a clear and unambiguous result, then [the] interpretive process is over." Richardson v. Board of Trustees, 192 N.J. 189, 195 (2007) (citing DiProspero, supra, 183 N.J. at 492). "It is not the function of [a c]ourt to 'rewrite a plainly-written enactment of the Legislature or presume that the Legislature intended something other than that expressed by way

9

of the plain language.'" DiProspero, supra, at 492 (quoting O'Connell v. State, 171 N.J. 484, 488 (2002).

The statutes as written permit the taxing entity to capture value added to the property post-valuation date based on the date the work is "completed." N.J.S.A. 54:4-63.2; N.J.S.A. 54:4-63.3. As noted above, pursuant to N.J.S.A. 54:4-63.2, an added assessment may be placed on property to capture value added after October 1 of the pre-tax year, and untaxed in the both the pre-tax year and in the full tax year. The statute reads in pertinent part:

> [W]hen any parcel of real property contains any building or other structure which has been erected, added to or improved after October 1 in any year and *completed* before January 1 following, the assessor shall, after examination and inquiry, determine the taxable value of such parcel of real property as of the first day of the month following *completion* or sale of said property . . . .
>
> [N.J.S.A. 54:4-63.2 (emphasis added).]

Similarly, value added through an improvement to property completed in the full tax year, may be the subject of an added assessment not on the basis of the assessor's discovery of the construction, but upon completion of the work, as follows:

> [W]hen any parcel of real property contains any building or other structure which has been erected, added to or improved after October 1 and *completed* between January 1 and October 1 following, the assessor shall, after examination and inquiry, determine the taxable value of such parcel of real property as of the first of the month following the date of delivery of such deed, or of such *completion* . . . .
>
> [N.J.S.A. 54:4-63.3 (emphasis added).]

All improvements to the subject property were completed as of October 1, 2015, therefore the property was not properly subject to an added assessment for tax year 2016. Rather, this court

10

finds the assessor arrived at an erroneous determination of the subject property value on October 1, 2015 for tax year 2016, in accordance with the sound rationale of the court in Glen Pointe.

While this court remains mindful of the necessity to fairly distribute the tax burden among property owners, when the assessor discovered the improvements and potential increase in value in November 2015, Township was not without recourse. The opportunity to file a tax appeal challenging the 2016 property value was available to remedy the oversight and correct the assessment. As indicated on Taxpayers' CO issued August 7, 2015, the building department issued a permit for the improvements to the subject property on February 5, 2015. The facts here provided the assessor all of the information necessary to arrive at a proper valuation for the 2016 assessment, and serve to undercut Township's reliance on the assertion that the assessor first discovered the construction in November. The building permit was issued nearly eight months prior to the valuation date which gave the tax assessor ample opportunity to discover the construction project and monitor its progress. "In order to fulfill their statutory duties, assessors are obliged to learn of construction projects and their progress in a timely manner." Nestle, supra, 21 N.J. Tax at 152. In Nestle, as under these facts, the township building department issued permits. As the court there noted, "[t]here was no 'discovery' of undisclosed improvements here." Id. at 153.[1]

---

[1] Township submitted a certification by the assessor with the motion papers. Pages VII-4 and VII-5 of the New Jersey Assessor's manual were provided as an exhibit. While Township provided the manual in support of its argument to affirm the 2016 full year assessment, the text actually serves to support Taxpayers' position. The manual pages properly set forth examples the assessor may follow in setting a statutorily correct added assessment. The court cautions that the manual examples should not be misread. The examples are useful to an assessor only where the assessor properly considers "completion" of the improvement rather than the "discovery" of improvement as the trigger date for the added assessment.

An assessor is bound to follow proper procedure for assessing the value of property inadvertently left untaxed without resort to methods statutorily unauthorized. While the practice outlined by Township may have garnered widespread use, it finds no support in the statutes or in the case law interpreting them. See, Glen Pointe, supra, 10 N.J. Tax at 603 (disallowing city's use of N.J.S.A. 54:4-58 to save invalid assessment since "[r]emedial tax statutes" such as §58 "are not a substitute for proper assessment procedures." (citation omitted)). The fact that it may be a common practice among assessors in the State to impose an added assessment once an assessor discovers the improvement is unavailing. "A common practice among assessors of improperly utilizing the omitted assessment statute does not legitimize its application." SLR Assocs.' of Millville v. Millville City, 11 N.J. Tax 1, 6 (Tax Ct. 1989) (citation omitted). See also, South Amboy v. Karpowicz, supra, 28 N.J. Tax at 333-4 (where county board reduced assessment for building damaged by fire to $0 and assessor attempted to place assessment for improvement value using omitted statute, court found assessor's actions "fall[] into the category of an impermissible attempt to simply increase the value of the existing building . . . after the relevant valuation dates.")

Moreover, a public entity is duty-bound to "turn square corners" when dealing with the public, which includes the "primary obligation [ ] to comport itself with compunction and integrity . . . ." FMC Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426-7 (1985) (citation omitted). The time constraints contained in the statutes that govern the property tax scheme are by necessity restrictive, and strict compliance is required. Ibid. It is the role of the legislature, not the tax court, to alter or relax the statutory requirements.[2]

---

[2] Specifically as to the court's application of and strict adherence to the time constraints established by the added and omitted statutes, see Am. Hydro Power Partners v. City of Clifton, supra, 9 N.J. Tax 259, aff'd, 239 N.J. Super. 130 (App. Div.), certif. denied, 117 N.J. 75. There the appellate court upheld tax court's invalidation of added assessment where statute requires bill

The plain language of the statutes and careful consideration of the case law on the issue persuades this court to find the legal basis for imposition of the 2016 tax year added assessment is lacking. Accordingly, Taxpayers' motion for summary judgment invalidating the 2016 added assessment is granted.

*2015 assessment*

As to the 2015 assessment, Taxpayers argue that because the improvement was completed prior to October 1, 2015, the assessment should have been included on the October 1, 2015 added assessment list, and as such, it is untimely and void. Taxpayers rely on both Van Orden and Glen Pointe for legal support. As explained, infra, those cases dealt with a prorated portion of an added assessment for the end of the year in which the improvement to the property was completed and in both cases, the assessments were found to be valid and properly assessed. In Glen Pointe, the improvements, and corresponding increase in value, had not been not completed as of the valuation date of October 1, 1983. As a result, the assessor could validly enter an omitted added assessment during the succeeding tax year, 1985, for the prorated months of 1984. Glen Pointe, supra, 10 N.J. Tax at 600 ("[t]he assessor may, in any tax year or in the succeeding tax year, assess any taxable property omitted from the assessment list for the particular tax year. N.J.S.A. 54:4-63.31. In this case the assessor's action in imposing an omitted added assessment for the balance of 1984 was proper.")

---

be sent to taxpayer by November 1 and deadline for appeal falls on December 1; however, added assessment list was filed November 13, tax bill received by owner December 11 and by net lessee December 22. Appellate Division found "no part of the statutory assessment process was commenced within the 30-day window of opportunity." Am. Hydro Power Partners, supra, 239 N.J. Super. at 133.

The cases Taxpayers marshal to support their contention squarely contradict it. In <u>Van Orden</u> the court found the 1998 added assessment – imposed in 1999 – to be valid, citing the <u>Glen Pointe</u> holding that "a three-month prorated assessment for 1984 for improvements completed in 1984 could be imposed as an omitted added assessment in 1985." <u>Van Orden</u>, <u>supra</u>, 22 <u>N.J. Tax</u> at 38. This same timeframe applies to the 2015 omitted added assessment in this matter.

The court finds that while a four-month added assessment for the remainder of 2015 could have been properly made in October 2015, this did not foreclose the assessor from levying an omitted added assessment in 2016 to capture the added value for the remainder of the 2015 tax year. As noted, where the period for placing an added assessment is overlooked, the added value can become a part of the assessment through the omitted added process. <u>New York State Realty & Terminal Co.</u>, <u>supra</u>, 21 <u>N.J.</u> 90. The New Jersey Supreme Court came to that conclusion by combining the added assessment statutes with the omitted assessment statute found at <u>N.J.S.A.</u> 54:4-63.31. Contrary to Township's position, however, the procedure requires adherence to the completion dates set forth in <u>N.J.S.A.</u> 54:4-63.2 and <u>N.J.S.A.</u> 54:4-63.3. The omitted added process merely provides an extension of time to implement an added assessment, a grace the Court found the Legislature intended to afford.

Taxpayers raise no issue with the validity of the assessments levied in 2016, based on their mischaracterization as added assessments rather than omitted added assessments. But where the alternative method under <u>N.J.S.A.</u> 54:4-63.31 is utilized, the statute requires that the assessor provide the property owner with notice of the assessment by certified mail. <u>N.J.S.A.</u> 54:4-63.35. The statute reads:

> As soon as the certified copy of the omitted assessment list is received by the assessor from the county board the assessor shall cause a notice to be sent by certified mail to the owner of each of

14

the properties affected stating that an omitted tax assessment has been made as to the taxpayer's property and that the tax payable as a result thereof may be ascertained from the collector of taxes of the taxing district.

[Id.]

Taxpayers contend that characterizing the 2015 assessment as an omitted added assessment does not render the assessment valid, as the assessor did not send the notice of assessment to Taxpayers by certified mail. The court is not persuaded. It is undisputed that Taxpayers received actual notice of the added assessments in this case, and Taxpayers received the notice far enough in advance to file an appeal with the county board. Taxpayers suffered no harm having received notice of the added assessments in late September 2016, and having thereafter received the tax bills from the collector in a timely manner. N.J.S.A. 54:4-63.36 ("As soon as the omitted assessment duplicate is delivered to the collector . . . he shall at once begin the work of preparing, completing, mailing or otherwise delivering the tax bills therefore to the owners . . . and shall complete that work at least 1 week before November 1.")[3] While Taxpayers did not receive notice of the omitted added assessment from the assessor by certified mail, the notice they received allowed them to fully protect their interests. The court finds lack of certified mailing is not a defect sufficient to invalidate the four-month 2015 added assessment in this case. Van Orden, supra, 22 N.J. Tax at 37 ("[t]he evident purpose of the requirement for certified mail is to provide a verifiable

---

[3]    Notably, the statute continues, "The validity of any omitted tax or assessment or the time at which it shall be payable shall not be affected by the failure of a taxpayer to receive a tax bill, but every taxpayer to whom a notice of an omitted assessment has been sent in accordance with section 5 of this act is put upon notice to ascertain from the collector of taxes of the taxing district the amount which may be due for taxes or assessments against him or his property for omitted assessments." While under these particular facts, Taxpayers were provided with actual notice in sufficient time to protect their rights the court cautions that assessors must be diligent to follow the dictates of the statute or cause the public entity to risk the loss of taxes on value properly subject to tax. New York State Realty & Terminal Co., supra, 21 N.J. 90.

means for giving actual notice. Where it is undisputed that actual notice has been given by ordinary mail, that purpose is equally satisfied, and invalidation of an action for defective notice is empty formalism.") (citation omitted).

Accordingly, in 2016, the assessor could validly impose a four-month prorated assessment for 2015, for improvements completed in 2015, as an omitted added assessment. Taxpayers' motion for summary judgment is granted in part, and denied in part.

The court will enter an Order and Final Judgment in Docket No. 013605-2016 voiding the full-year 2016 added assessment for $317,400. The court will enter an Order upholding as valid the 2015 pro-rated added assessment in Docket No. 013603-2016. Further proceedings in Docket No. 013603-2016 shall be scheduled by the court.

Very truly yours,


/s/Christine M. Nugent, J.T.C.

16