**TAX COURT OF NEW JERSEY**

**JOSEPH M. ANDRESINI, P.J.T.C.**
PRESIDING JUDGE



125 State Street, Suite 100
Hackensack, NJ 07601
Tel: (609)815-2922 ex. 54570
Fax: (201)996-8052

**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

March 12, 2019

Michael I. Schneck, Esq.
Schneck Law Group LLC
301 South Livingston Ave, Suite 105
Livingston, New Jersey 07039

Michael Wilkos, Esq.
Florio Kenny Raval LLP
5 Marine View Plaza, Suite 103, P.O. Box 771
Hoboken, New Jersey 07030

Re:   Polk Street Partners, LLC v. Town of Guttenberg
Docket No. 013622-2017 and 013624-2017

Dear Counsel:

This letter constitutes the Court's findings of fact and conclusions of law regarding Polk Street Partners, LLC's motions for summary judgment seeking to invalidate the Town of Guttenberg's omitted added assessment for tax year 2016 and omitted assessment for tax year 2017. For the reasons stated more fully below, Polk Street Partners, LLC's motions are denied.

# I. **FINDINGS OF FACT AND PROCEDURAL HISTORY**

The Court makes the following findings of fact based on the parties' written submissions as well as oral argument heard on October 26, 2018. R. 1.7-4. The material facts of this case are not in dispute.

Plaintiff Polk Street Partners, LLC ("Polk Street Partners") is the owner of real property in the Town of Guttenberg ("Town"). The property, an apartment building, is designated by the municipality as Block 7, Lot 27.01 and is commonly known as 6813-17 Polk Street ("subject property").

Polk Street Partners purchased the subject property from a third-party seller on March 17, 2016. Prior to this transfer of ownership, the third-party seller undertook and completed improvements on the subject property. Namely, an apartment building was erected on the once vacant land. Construction was completed on January 15, 2016 and the Certificate of Occupancy for the completed work was issued by the Building Department of the Town on the same date.

The Town tax assessor's original real property tax assessment on the subject property for tax year 2017 was $225,000 for land and zero ($0) for improvements. According to the certification of the Town's assessor, the Town uses a particular software that is connected to the Hudson County Tax Board to handle its assessments of parcels. Within that software, whenever a lot is created, it also creates separate entries for land and improvements. The default value for those entries is zero. An assessment will continue from prior years unless it is manually changed by the assessor. The Town's assessor certifies that the subject property was first assessed as vacant land before he became the assessor for the Town. Because he did not change the assessment within the software, the original 2017 assessment was "based on vacant land" and was "not a result of an intentional decision to assess the improvements of the property at zero."

2

On October 1, 2017, after "learning that there were substantial improvements to the property",[1] the Town's tax assessor levied against the subject property: (1) an "omitted/added" assessment for tax year 2016 in the amount of $3,375,000 prorated for nine months; and (2) an "omitted/added" assessment for tax year 2017 in the amount of $3,375,000 prorated for twelve months.[2] On November 22, 2017, Polk Street Partners filed direct appeals to this Court challenging both assessments.

On April 30, 2018, plaintiff filed a motion for summary judgment seeking an order from this Court voiding the assessment levied on the subject property for tax year 2017. Plaintiff argues that because the completion of the construction on the subject property occurred in January 2016, before October 1, 2016, an "added" assessment intended to "remedy" the assessor's "mistake" of failing to consider the full value of the subject property for tax year 2017 could only be levied by the assessor on October 1, 2016 either by changing the 2017 assessment to reflect the completion of the construction on the property prior to January 10, 2017 or through filing an appeal challenging the 2017 assessment by April 1, 2017. As the Town's assessor attempted neither, the assessor's levying of the 2017 added assessment in October 2017 should be voided as untimely and unauthorized.

The Town submitted a letter reply brief on October 16, 2018 rejecting plaintiff's characterization of the assessment in question as an "added", instead arguing that Guttenberg imposed a valid "omitted" assessment for tax year 2017. Defendant asserts that the "omitted" assessment was proper because the Town's assessor "inadvertently omitted or overlooked

---

[1] The Town's assessor states that he does not remember receiving a copy of the Certificate of Occupancy after it was issued. The assessor suspects that the Building Department may have "forgotten" the process to transmit the Certificate of Occupancy to him due to the rarity of new construction in the Town.

[2] The Town's assessor uses the phrase "omitted/added" in his certifications to describe both the 2016 and 2017 assessments. The Town's counsel argues that the 2016 assessment is valid as an "omitted added" assessment and the 2017 assessment is valid as an "omitted" assessment.

improvements to vacant land and, as such, never considered the value of the improvements until the omitted assessment was levied."

The Court first heard oral argument on October 26, 2018 and afterwards directed that supplemental briefs be filed concerning statutory notice requirements for omitted assessments. Furthermore, the Court requested that Polk Street Partners timely submit its impending summary judgment motion on the assessment for tax year 2016. On December 3, 2018, plaintiff did so, arguing that the Town is attempting to "[convert]" an "improper added assessment into an omitted assessment to save it from invalidity" without any statutory authority to do so.[3] Plaintiff further contends that the assessments levied for tax years 2016 and 2017 on the subject property must be cancelled due to the failure of the assessor to send notice of the assessments by certified mail.

The Town submitted a letter reply brief on February 5, 2019. First, the Town contends that because that assessor did not consider the value of the improvements or have notice of same until the summer of 2017, the 2016 assessment is valid as an "omitted added assessment" in accordance with both statute and case law. Second, the Town reiterates its previously argued position that the "2017 omitted assessment was proper because the Tax Assessor inadvertently omitted or overlooked improvements and, as such, never considered the value of the improvements until the omitted assessment was levied."[4] Third, addressing plaintiff's position that the lack of certified mailing renders the "omitted/added" assessment defunct, the town argues that the lack thereof does not invalidate an omitted assessment where plaintiff did obtain notice of the assessments, was able to file a timely appeal, and suffered no harm.

---

[3] Plaintiff maintains that there is "no basis for extending the treatment of incomplete improvements to a situation where the tax assessor simply failed to follow the statutory procedures for assessing newly-constructed improvements."

[4] The town asserts that in arguing that omitted assessments can only apply to partial assessments on improvements, plaintiff "seeks to impose requirements that do not exist under the omitted assessment law."

Shortly thereafter, both parties consented to the Court's request that the 2016 and 2017 matters be consolidated for the purpose of issuing this opinion.

## II. CONCLUSIONS OF LAW

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). An genuine issue of fact exists "only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.

Although the evidence is to be viewed most favorably toward the non-moving party, summary judgment may not be denied simply because the non-movant demonstrates the existence of a disputed fact. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540-41 (1995). Rather, denial is only appropriate where the evidence is of such a quality and quantity that reasonable minds could return a finding favorable to the party opposing the motion. Id. at 540.

Here there are no material facts in dispute. The three issues presented are: (1) the validity of the tax year 2017 assessment; (2) the validity of the tax year 2016 assessment; and (3) whether the lack of certified mailings invalidates either the tax year 2017 or tax year 2016 assessment. The Court finds that these issues can be disposed of by a summary judgment motion.

### A. The Tax Year 2017 Assessment is Valid as an Omitted Assessment

Generally, all real property in New Jersey is assessed yearly. N.J.S.A. 54:4-23. The assessment is determined based on the value of the property as it existed on October 1 of the pre-tax year. Ibid. The value of the land and improvements are listed separately and the combined

5

value of the two components constitutes the assessment on the parcel. N.J.S.A. 54:4-35. Assessors are required to submit tax lists no later than January 10 of each year, establishing the assessment on each parcel reflecting its true market value as of October 1 of the preceding year. N.J.S.A. 54:4-35.[5]

An added assessment captures an increase in real property value resulting from either the completion of a new structure or additions/improvements made to an existing structure that occurs after the October 1 valuation date, but before the end of the pre-tax year. N.J.S.A. 54:4-63.2. If a structure was erected, added to, or improved after the October 1 valuation date but before the January 1 start of the tax year, an added assessment is imposed for the entire tax year as well as for a portion of the pre-tax year of completion from the first day of the month following completion through December 31. Ibid. If a structure was erected, added to, or improved after the October 1 assessment date and completed between January 1 and October 1 of the tax year, the assessor must first determine the taxable value of the improvements as of the first of the month following the completion, then assess the amount in excess of the assessment made as of the preceding October 1 date, and then prorate such amount for the remaining months in the tax year. Ibid. The purpose of the added assessment statute "is to permit the taxation of real property which becomes taxable during the year following the assessment date of October 1 in order to avoid having properties escape taxation until the next assessment date arrives." Snyder v. Borough of South Plainfield, 1 N.J. Tax 3, 7 (Tax 1980).

An omitted assessment captures property value that has been "omitted from the tax rolls through design or inadvertence" and includes such value to be taxed for the year in which it was omitted from the tax rolls. Appeal of New York State Realty & Terminal Co., 21 N.J. 90, 97

_____

[5] However, in the case of a municipality located in a county where the county board of taxation is participating in the demonstration program, the assessor shall determine the taxable valuations of real property as of October 1 in each year and shall complete the preparation of the preliminary assessment list by November 1. N.J.S.A. 54:4-35.

6

(1956).  The omitted assessment statute[6] allows for the "assessment of property which may have been properly included in the general assessment but for one reason or another was not included either originally on the general assessment date or subsequently as required by the added assessment statutes."  Id. at 98.  The taxable value of such property is determined as of October 1 of the preceding tax year.  N.J.S.A. 54:4-63.31.

There are two methods for assessment of property that has been "omitted from the tax list."  Van Orden v. Twp. of Wyckoff, 22 N.J. Tax 31, 35 (Tax 2005).  The Van Orden Court explained the two methods:

> There are two different methods for assessment of property that has been omitted from the tax list.  The older method (N.J.S.A. 54:4-63.12 through 63.24) provides for a hearing before the county board of taxation, upon complaint of a municipal official or resolution by the board with notice to the property owner.  Any omitted assessment is then made by judgment of the board.  N.J.S.A. 54:4-63.14.  A municipality's omitted assessment list, as revised and corrected by the county board's judgments, is to be completed by October 10.  N.J.S.A. 54:4-63.17.  The newer or alternative method (N.J.S.A. 54:4-63.31 through 63.40) resembles the procedure for added assessments in that the omitted assessment is initiated by the assessor's filing of an omitted assessment list with county board. After revision and correction by the board, the list is certified on or before October 10.  N.J.S.A. 54:4-63.32.  Thereupon the assessor is to give notice to the affected property owners by certified mail, and tax bills are prepared.  N.J.S.A. 54:4-63.35, 36. Appeals from omitted assessments made under the alternative method may be filed with the county board before December 1.  N.J.S.A. 54:4-63.39.

> [Van Orden, 22 N.J. Tax at 35.]

If, as October 1 of the pre-tax year, the assessor has already and actually determined that the value of an existing improvement is equal to a specific amount, or even equal to zero-dollars, then using an omitted assessment procedure to increase the same is improper.  Glen Pointe Associates v. Teaneck Tp., 10 N.J. Tax 598, 600 (Tax 1989) (assessor's failure to consider full

---

[6] N.J.S.A. 54:4-63.31

value of improvements that he was aware of when he placed assessment is an "erroneous determination of value" that cannot be corrected through the omitted assessment procedure), *aff'd*, 12 N.J. Tax 127 (App. Div. 1991); 200 43rd Street, LLC v. Union City, 16 N.J. Tax 138, 142 (Tax 1996) (omitted assessment procedure not permitted where assessor deliberately placed a zero-dollar value on improvements that he believed worthless because the "failure to make an assessment for improvements on the subject property . . . was not an oversight; it was a deliberate judgment that the improvement had no value."); City of South Amboy v. Karpowicz, 28 N.J. Tax 324 (Tax 2015) (where assessor was fully aware that improvements to a property were assigned a zero-dollar value by a county board of taxation judgment, due to its destruction by fire, which judgment was not appealed, the assessor's carry forward of the zero-dollar value in subsequent years was a value judgment that could not be increased via an omitted assessment). Neither Glen Pointe Associates, 200 43rd Street, LLC, nor Karpowicz ruled that an omitted assessment would be invalid or improper where the entire improvement was simply missed or mistakenly omitted from being valued.

In Boardwalk Properties v. Atl. City, 5 N.J. Tax 192 (Tax 1983), the assessor overlooked the improvements on the subject property and assessed the property as if it were vacant land. Id. at 195. The Court rejected taxpayer's argument that a partially constructed structure "was on the . . . assessment rolls as of" the valuation date, and the omitted assessment was "nothing more than an attempt to revalue property on which a final assessment had previously been made." Id. at 194. The Court found that there was "no evidence that the assessor considered the improvements on the subject property and concluded that they had no value" as of the assessing date. Id at 198. In a situation where the assessor "omitted altogether to assess the

8

improvements", the Court held that "the taxpayer cannot escape its fair share of the burden of local taxes." Ibid. (citing Appeal of New York State Realty & Terminal Co. at 96).

Despite plaintiff's attempt to distance itself from such, the current matter is analogous to that of Boardwalk Properties in that Town's assessor unwittingly omitted to include the value of the improvement to the subject property when setting the tax year 2017 assessment on October 1, 2016. Here, the Town's assessor made no deliberate decision to deem the newly erected apartment building as having no contributory value to the subject property. Contra Glen Pointe Associates, 200 43rd Street, LLC, and Karpowicz. Within the Town's assessment software, whenever a lot is created, it creates separate entries for land and improvements that have default values of zero. An assessment will continue forward from prior years unless it is manually changed by the assessor. The Town's assessor certifies to the Court that the subject property was first assessed as vacant land before he became the assessor for the Town. Because he did not change the assessment within the software, the original 2017 assessment was based on vacant land and not an intentional decision to assess the improvements at zero. Further, the Town's assessor states that he "does not remember" ever receiving a copy of the Certificate of Occupancy after it was issued. The Court now finds that because the assessor never made any determination of value on the improvements made to the subject property, the tax year 2017 assessment is valid as an omitted assessment.

## B. The Tax Year 2016 Assessment is Valid as an Omitted Added Assessment

An omitted added assessment allows for an added assessment[7] where a structure has been erected, added to, or improved after the October 1 valuation date and between the following January 1 and October 1 of the tax year. N.J.S.A. 54:4-63.3. Essentially, an omitted added assessment captures property values that an assessor has failed to include as an added assessment

---

[7] See discussion of added assessment statute and relevant case law, supra pp. 6.

9

on the yearly October 1 list filed with the tax board. Appeal of New York State Realty & Terminal Co., at 90. "Where an added assessment might have been made the previous year but was not so made, the added assessment may be made in the following year as an omitted, or more precisely, an omitted added assessment." Van Orden, at 35 (citing Appeal of New York State Realty & Terminal Co., at 90). Omitted added assessments are permitted only when improvements are completed during the tax year for which such an assessment is made. N.J.S.A. 54:4-63.3.

In Parikh v. Livingston, 30 N.J. Tax 326 (Tax 2018), improvements were completed on a single-family home between January 1 and August 7 of 2015. One year later, taxpayer received tax bills from the tax collector informing them of an added assessment prorated for four months of 2015.[8] Ibid. Plaintiff [9] argued that because the improvements were completed before October 1, 2015, the 2015 prorated assessment was invalid because it should have been included on the October 1, 2015 added assessment list. Id. at 399-40. The Court rejected plaintiff's argument and held that "in 2016, the assessor could validly impose a four-month prorated assessment for 2015, for improvements completed in 2015, as an omitted added assessment." Id. at 342. See also Van Orden (validating 1998 added assessment imposed in 1999); and Glen Pointe Associates (holding three-month prorated assessment for 1984 could be imposed as an omitted added assessment in 1985).

Here, construction on the property was completed on January 15, 2016. On October 1, 2017, the Town's assessor levied an omitted added assessment against the property for tax year 2016 prorated for nine months. While this nine-month assessment could have properly been made in October, 2016 as an added assessment, this does not prohibit the assessor from levying

---

[8] Parikh also involved a second added assessment for the full 2016 tax year. However, such is irrelevant for the purpose of framing the Court's analysis of the 2016 omitted added assessment levied in the current matter.
[9] Plaintiff's counsel being the same as that of the plaintiff in the present matter.

an omitted added assessment in 2017 to capture the added value for the remainder of the 2016 tax year. This is especially true where, as here, the tax assessor has certified that at no time prior to the summer of 2017 did he ever consider the value of the improvements. The Court now finds that the tax year 2016 assessment was made in October, 2017 as a valid omitted added assessment.

### C. The Lack of Certified Mailings Does Not Invalidate Either of the 2017 Omitted Assessment or the 2016 Omitted Added Assessment

With regards to the certified mailing of an omitted/omitted added assessment list:

> As soon as the certified copy of the omitted assessment list is received by the assessor from the county board the assessor shall cause a notice to be sent by certified mail to the owner of each of the properties affected stating that an omitted tax assessment has been made as to the taxpayer's property and that the tax payable as a result thereof may be ascertained from the collector of taxes of the taxing district.
>
> [N.J.S.A. 54:4-63.35.]

The purpose of the certified mail requirement is to provide a verifiable means for giving actual notice. Van Orden at 37. Where it is "undisputed that actual notice has been given by ordinary mail, the purpose is equally satisfied and invalidation of an action for defective notice is empty formalism." Ibid. In Parikh, plaintiff's counsel also attempted to invalidate an omitted added assessment claiming that the assessor did not send the required notice of assessment to taxpayers by certified mail. Id. at 341. The Court held that while taxpayers "did not receive notice of the omitted added assessment from the assessor by certified mail, the notice they received allow them to fully protect their interests." Ibid.

In the present matter, it is undisputed that the plaintiff did receive actual notice. First and foremost, plaintiff was able to file timely appeals. Second, taxpayer provided the Court with tax bills as exhibits to its motions/briefs. Clearly, plaintiff either received these tax bills directly

11

from the tax collector or otherwise received notice of said bills' existence and thereafter obtained copies of them. Here, as plaintiff has suffered no cognizable harm stemming from the lack of certified mailings, the omitted assessment for tax year 2017 and the omitted added assessment for tax year 2016 are not fatally defective and/or invalidated.

## CONCLUSION

For the reasons stated above, Polk Street Partners, LLC's motions for summary judgment seeking to invalidate the Town of Guttenberg's omitted added assessment for tax year 2016 and omitted assessment for tax year 2017 are both DENIED.

Very truly yours,


Hon. Joseph M. Andresini, P.J.T.C.